THE CITY OF SHERMAN V. H. L. SIMMS ET AL.

No. A256. Decided November 15, 1944.
(183 S. W., 2d Series, 415.)

116

*George L. Hamilton,* of Sherman, for petitioner.

It was error for the court to hold that a distinction has been required between the classifications of residential, commercial and industrial districts and property devoted to humanitarian or commercial uses such as churches, schools and hospitals. Washington v. City of Dallas, 159 S. W. (2d) 579; City of Corpus Christi v. Jones, 144 S. W. (2d) 388.

*W. F. Bane,* of Dallas, *A. B. Curtis* and *A. L. Camp,* both of Fort Worth, and *Borden M. Seaberry,* of Weatherford, for respondents.

The universal right to worship God and maintain churches for such purposes at any place cannot be denied or limited except upon pleading and proof that such prohibition or regulation is necessary for the protection of society. And as the prohibition of this particular church in this particular location is not shown by the city to promote either health, safety, morals or general welfare of the community, the prohibition and the

ordinance under which it is attempted to be enforced is void. Church of the Holy Trinity v. United States, 143 U. S. 457, 36 L. Ed. 226, 12 Sup. Ct. Rep. 511; Lovell v. City of Griffin, 303 U. S. 444, 82 L. Ed. 949, 58 Sup. Ct. Rep. 666; Spann v. City of Dallas, 111 Texas 350, 235 S. W. 515; City of West University Place v. Ellis, 134 Texas 222, 134 S. W. (2d) 1038.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

There is in effect in the City of Sherman a comprehensive zoning ordinance enacted under authority of Vernon's Civil Statutes, Arts. 1011a-1011h. Under the provisions of the ordinance churches are excluded from dwelling and apartment districts and their erection permitted only in local retail, commercial and manufacturing districts. A congregation named The Church of God, of which respondent, Rev. H. L. Simms, is the pastor and the other respondents are the trustees, began the use of a structure located in the residential district for public worship. Section 13 of the ordinance provides, in substance, that no structure in use at the time of the adoption of the ordinance shall be changed in its use until a certificate of occupancy and compliance shall have been issued by the building inspector. The structure in which respondents began conducting their religious services was not being used as a church or place of worship at the time the ordinance was adopted, and no certificate of occupancy and compliance has been issued to them. On April 8, 1943, they made application for such certificate, which application was denied by the building inspector on April 29, 1943, on the ground that the proposed use of the structure "does not comply with the zoning ordinance of the City of Sherman as this would be non-confirming use of the property in a residential district." Thereafter, upon the amended petition of the City of Sherman, the original petition having been filed April 28, one day before the application for certificate was denied, the respondents were perpetually enjoined and forbidden to use the structure for any purpose other than for residential purposes. From that order the respondents prosecuted an appeal to the Court of Civil Appeals at Dallas, which court reversed the trial court's judgment and dissolved the injunction. 181 S. W. (2d) 100.

Writ of error was granted for the purpose of reviewing the question of the authority of the city to exclude churches from residential districts and relegate them to business and industrial districts. Having taken the case under submission and considered the arguments and briefs of the parties, we are now well satis-

fied with the holding of the Court of Civil Appeals on that question.

■ Respondents do not question the authority of the City to enact zoning ordinances, neither do they attack this particular ordinance generally, but bring into question only the provision with reference to churches. Their position is stated in the opinion of the Court of Civil Appeals as follows:

"The gist of appellants' several points of error is that the aforesaid zoning ordinance, prohibiting use of this property for a church in the residential district of Sherman, is arbitrary, discriminatory and violative of both Federal and State Constitutions, Texas Art. 1, Sec. 19; U. S. Amendments 1 and 14. Otherwise stated, appellants challenge the restriction as having no real or tangible relation to the public health, safety, morals or general welfare, and therefore void."

The authorities on the question presented are few. The Russell Sage Foundation has published a text by Mr. Edward M. Bassett entitled "Zoning" in which will be found an interesting history of the development of the law of zoning in this country. From that text at page 70, we quote:

"When in 1916 the framers of the Greater New York building zone resolution were discussing what buildings and uses should be excluded from residence districts, it did not occur to them that there was the remotest possibility that churches, schools, and hospitals could properly be excluded from any districts. They considered that these concomitants of civilized residential life had a proper place in the best and most open localities."

And from the same text at page 200 we quote:

"Practically all zoning ordinances allow churches in all residential districts. It would be unreasonable to force them into business districts where there is noise and where land values are high, or into dense residence districts (in cities which have established several kinds of such districts). Some people claim that the numerous churchgoers crowd the street, that their automobiles line the curbs, and that the music and preaching disturb the neighbors. Communities that are too sensitive to welcome churches should protect themselves by private restrictions."

■ The justification for zoning rests in the police power of municipalities. In the exercise of that power arbitrary and dis-

criminatory regulations will not be upheld, but only such regulations as are reasonable and have a substantial relation to the health, safety, morals or general welfare of the community. The statutory authority under which the City of Sherman proceeded in enacting the ordinace in question expressly limits its power to these named purposes, as is reflected by the opening language of Art. 1011a of Vernon's Civil Statutes as follows:

"For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of cities and incorporated villages is hereby empowered to regulate * * *."

In an annotation under the heading, Zoning Regulations As Affecting Churches, in 138 A. L. R. 1287, it is stated on page 1288 that:

"In the relatively few cases in which the question has been considered, the view has consistently been taken that an administrative application of a zoning ordinance which operates to exclude the erection of church buildings in residence districts is invalid, either as violative of the due process and equal protection clauses of the state and Federal Constitutions, or as being an arbitrary or unreasonable enforcement of the ordinance."

We have been referred to no authority, (neither have we discovered any), other than those covered by that annotation, of which the cases most directly in point are: State ex rel Roman Catholic Bishop v. Hill, 59 Nev. 231, 90 Pac. (2d) 217, and State ex rel Synod of Ohio (Lutheran Church) v. Joseph, 139 Ohio St., 229, 39 N. E. (2d) 515, 138 A. L. R. 1274. From the opinion in the case last cited we copy this language:

"* * * And we further conclude that the administrative act of respondents in refusing a permit to erect a church in the residential district, there being no adequate showing that this exclusion of the church was in furtherance of the public health, safety, morals or the public welfare, was arbitrary and unreasonable and in violation of relator's rights under the State and Federal Constitution."

With this conclusion all the available authorities seem to agree. It must not be overlooked that the power to establish zones is a police power and its exercise cannot be extended beyond the accomplishment of purposes rightly within the scope of that power. To exclude churches from residential districts does not promote the health, the safety, the morals or the general wel-

fare of the community, and to relegate them to business and manufacturing districts could conceivably result in imposing a burden upon the free right to worship and, in some instanes, in prohititing altogether the exercise of that right. An ordinance fraught with that danger will not be enforced.

■■ The other questions arising in the case are correctly decided by the Court of Civil Appeals, and as our opinion with respect thereto we adopt the following from the court's opinion:

"This is not to say, however, that appellants' occupancy may be without regulation. In Sec. 13 of the ordinance in question are valid municipal requirements, irrespective of zoning: '* * * no * * * premises shall be used or occupied nor changed in use or occupancy until a certificate of occupancy and compliance shall have been issued by the building inspector, stating that such use · or change in use complies with all the *building, fire, sanitary* and *health* laws * * *.' (Italics ours). In above application for permit, made to the building inspector, defendants are committed to an observance of all regulatory measures of the city, and incident to their particular use; further compliance therewith under ordinance or otherwise having been prevented by injunction. On the other hand, there is evidence that, in the attempted use, appellee's laws relative to fire, health, sanitation, etc., are being ignored. Such regulations, so far as reasonable and applicable to the structure and use involved, may be enforced; and to that extent, appellants' rights are subject to issuance of the named certificate of occupancy.

"The judgment appealed from is reversed and injunction dissolved. Appellant parties should be allowed to comply with such requirements of Sec. 13 as may be necessary and appropriate to their use of the described property for church purposes; being thereby entitled to the permit requested. Otherwise and in event of noncompliance, the provisions of Art. 1011, V. A. C. S., would thereupon become available to the City of Sherman."

The judgment of the Court of Civil Appeals, which dissolves the injunction, reverses the judgment of the trial court and remands the cause thereto with instructions, is affirmed.

Opinion adopted by the Supreme Court November 15, 1944.