Zimmerman, J.,
 

 dissenting. Applying to the instant case the principles announced and approved by this court in
 
 State, ex rel. Synod of Ohio of United Lutheran Church,
 
 v.
 
 Joseph et al., Village Comm.,
 
 139 Ohio St., 229, 39 N. E. (2d), 515, 138 A. L. R:, 1274, and up
 
 *226
 
 on authority of the eases cited and relied on in that case, the judgment of the Court of Appeals herein should be affirmed.
 

 In 1940 the Bussell Sage Foundation published a book by Edward-M. Bassett entitled “Zoning,” in which the author traces the history and development of the law of zoning in the United States. At page 70 of the text the following comment is made:
 

 “When in 1916 the framers of the Greater New York building zone resolution were discussing what buildings and uses should be excluded from residence districts, it did not' occur to them that there was the remotest possibility that churches, schools and hospitals could properly be excluded from any districts. They considered that these concomitants of civilized residential life had a proper place in the best and most open localities.”
 

 In my opinion, residential communities which are too sensitive to welcome such cultural, educational and character-building institutions as churches and schools should protect themselves by private restrictions rather than by resort to zoning ordinances.
 

 Of course the power of municipalities to establish zones is a police power, and police power is the public right of reasonable regulation for the common good, which may not be extended arbitrarily beyond that purpose.
 

 ■ Hence, zoning ordinances restricting the use of property to be valid and enforceable must bear a substantial relation to the health, safety, morals or general welfare of the community.
 
 City of Youngstown
 
 v.
 
 Kahn Bros. Bldg. Co.,
 
 112 Ohio St., 654, 148 N. E., 842, 43 A. L. R., 662;
 
 Women’s Kansas City St. Andrew Soc. v. Kansas City, Mo.
 
 (C. C. A. 8), 58 F. (2d), 593.
 

 A zoning ordinance of the character now before us, by which a school is excluded from a residential, dis
 
 *227
 
 trict of a designated kind, is applied in an unreasonable, arbitrary and discriminatory way, where under the particular facts it does not appear that the exclusion of a school from such a district has any substantial relation to the health, safety, morals or general welfare of the community.
 
 City of Sherman
 
 v.
 
 Simms,
 
 143 Tex., 115, 183 S. W. (2d), 415.
 

 Although in the instant controversy a number of witnesses, mostly property owners in the immediate neighborhood, testified that in their opinion the establishment of relator’s school would reduce the value of surrounding real estate and would result in noise and confusion, I can find no tangible evidence in the record indicating that the presence of the school would adversely affect the
 
 health, safety, morals or general ivelfare
 
 of the residents of the district.
 

 The testimony and photographs attached to the bill of exceptions as exhibits represent relator’s property in Cleveland Heights as consisting of a large house in spacious grounds with a sizable garage in the rear of the house and with a stone wall partially surrounding the premises.
 

 As I view the matter, the planning commission of the city of Cleveland Heights acted unreasonably, arbitrarily and in a discriminatory manner in denying relator the use of its property in issue for a parochial school of modest size, especially in face of the fact that schools had been allowed in other zones of the municipality of the same classification as the one involved here. Upon the record and under the authorities, the Court of Appeals was justified in rendering the judgment it did and I can discover no good reason for disturbing such judgment.
 

 Sohngen, J., concurs in' the foregoing dissenting opinion.