**WACO FEDERATION OF WOMEN'S CLUBS et al., Appellants,**

**v.**

**Mrs. Ed GODDARD et al., Appellees.**

**No. 3228.**

Court of Civil Appeals of Texas.

Waco.

Jan. 27, 1955.

Rehearing Denied Feb. 24, 1955.

Corsbie, Koehne, Jones, Fulbright & Ponder, Waco, for appellants.

Mixson, Haley & Bates, Waco, for appellees.

TIREY, Justice.

The parties have tried this case on the theory that it is a zoning case. At the conclusion of the evidence the court overruled all motions for instructed verdict. The jury found (1) that the Waco Federation of Women's Clubs is not a private club; and (2) that its chief activity is not a service customarily carried on as a business. The court instructed the jury that by the term " 'private club' as used herein means an association of persons for the promotion of some common object in which the right to membership is controlled by the members, and in which the use of its privileges is controlled by its members, and whose activities are private rather than public in nature." The court further instructed the jury that by the term " 'business' as

used in Special Issue No. 2 of the Court's Charge, is meant that which occupies the time, attention, and labor of persons for the purpose of livelihood or profit to themselves." These definitions are not assailed. No other issues were requested and none given. The court overruled appellants' motion for judgment on the verdict and granted defendants' motion for judgment non obstante veredicto, and in the decree we find this recital: "And the court * * * is of the opinion that the Waco Federation of Women's Clubs, a corporation, and its officers thereunto authorized to act for said corporation, complied with the provisions of the constitution and by-laws of said corporation and were not guilty of fraud in any respect at any time prior to and at the date of the contract to purchase the property at 2900 Bosque Boulevard, Waco, Texas * * * and further that the Waco Federation of Women's Clubs is a private club as a matter of law and is an organization permitted to occupy said premises described above and to carry on the purposes for which it was chartered in the first residential district under the zoning laws of the City of Waco, Texas, * * *" and decreed accordingly and taxed all costs against appellants.

Appellants assail the decree entered on what they designate as four points. Our view is that they present only two grounds: (1) that the court erred in not granting their motion for an instructed verdict because the evidence showed as a matter of law that appellee was not a private club and by reason thereof was not entitled to operate in a first residential zone under the zoning regulations of the City of Waco; and (2) that since the evidence tendered the issue that it was not a private club and the jury so found, the court erred in granting appellees' motion for judgment non obstante veredicto. We overrule each of appellants' contentions.

Appellees' counter points are to the effect that the court did not err in refusing appellants' motion for instructed verdict because the evidence tendered showed as a matter of law that appellee was a private club and therefore entitled to operate in a first residential zone under the zoning regulations of the City of Waco; and that since the evidence showed conclusively and the jury found that the chief activity of the appellee is not a service customarily carried on as a business that such finding authorized it to operate in a first residential zone, and the court did not err in granting its motion for judgment non obstante veredicto. We are in accord with these views.

Appellants went to trial on their original petition and their reply to defendants' cross action. Pertinent to this discussion the appellants alleged substantially that they are members of the Waco Federation of Women's Clubs and that such organization is a corporation operating under the laws of the State of Texas; that some of the plaintiffs live in the immediate vicinity where the Byrd Morgan house is located (evidence was tendered to the effect that the Morgan residence was a commodious structure, having 3 floors and a basement) and that all of the plaintiffs are interested in preventing the club site of the organization being changed to 29th & Bosque Boulevard; that such corporation presently maintains a clubhouse at 14th Street and Washington Avenue in the City; and that the organization has a membership of approximately 1000 persons and the clubhouse is used for the meeting of said groups; that in addition thereto the building thereon is rented to other groups and that meals and entertainment are furnished to other groups who are in nowise associated with said corporation for stated charges; that the President and Trustees of said organization, acting without legal authority and contrary to the constitution and by-laws of said organization, have entered into negotiations to sell the present club properties for an inadequate consideration and to purchase the property located at 2900 Bosque Boulevard and to use the buildings thereon for the purpose of conducting and holding their meetings; and that said President and Trustees plan, and are threatening and will, unless enjoined, sell the present clubhouse at 14th & Washington and purchase the new property at 29th & Bosque, using therefor funds ac-

quired by the present organizations specifically allocated to other projects, dispose of the entire corporate assets and change the corporate organization and obligate the corporation and affiliated clubs for a large indebtedness without authority. They further alleged that 2900 Bosque Boulevard is a first residential zone and that the zoning regulations of the City of Waco specifically protect residents of said area from the intrusion and operation of this corporation within such zone; that the chief activity of this corporation is a service customarily carried on as a business, to-wit, providing a meeting place, meals and entertainment for various groups upon stated terms; that the Trustees and President are without authority to purchase the proposed property in violation of the zoning ordinances or to dispose of the entire assets of the corporation in violation of the laws of Texas or to pledge the credit of said corporation for said purposes; that the club has a large membership and that it is contemplated that meetings will be held at the new site at stated times for large groups of women; that the streets in the vicinity are narrow and rough and because of the close proximity of schools and the Waco-McLennan County Fair, such streets carry a large volume of traffic, and that the proposed use of said premises by said club will interfere with the privacy of the residents in that vicinity, devaluate their property as residences, and create a much greater traffic hazard than presently exists; that the meetings proposed will be for an hour certain and that all persons planning to attend will attempt to arrive at a stated hour and that the increase in traffic will constitute a serious menace and hazard to the residents of said neighborhood; that practically every night there would be entertainment and activity at said club until a late hour and that it would further increase the traffic hazard by the delivery of supplies to said club as is customary in said commercial ventures and that said proposed operation at said premises should be enjoined. Appellants prayed for a restraining order enjoining the President and the Board of Trustees from taking any action to sell the property at 14th and Washington Streets, or to purchase the property at 29th & Bosque Boulevard, or to move said club meeting place, or attempt to operate said club in any way at 2900 Bosque Boulevard, and asked that upon final hearing a permanent injunction issue, and for costs of court and for general and special relief.

The appellees filed many special exceptions to appellants' pleadings, but no action is shown thereon. They denied all material parts of appellants' allegations, and specially denied that the clubhouse is rented to other groups and that meals and entertainment were furnished to other groups who are in nowise associated with said corporation, for stated rentals and fees, but that upon the contrary, the corporate premises have been used only for and in the interest and on behalf of the clubs constituting the membership of said corporation, and for no other purpose. They denied specifically that the club's operation at 29th & Bosque, or that its use would be contrary to the zoning ordinance of the City of Waco. They further specially alleged in their cross action that the President of the corporation and Board of Trustees are at this time under a duty to such corporation and the various affiliated clubs, to proceed with the purchase of the Bosque Boulevard property and that such corporation is under contract with the owner of the property to consummate the purchase, and that an actual controversy exists between the Waco Federation of Women's Clubs, a corporation, on the one hand, and a minority of the individual members of such corporation, viz.: the cross defendants, on the other hand (joined by several residents in the vicinity of the property in question), as to the right of the corporation to purchase and use said property within the zoning ordinance of the City of Waco as the same is applicable, and they asked the court to settle the controversy and prayed that he enter a declaratory judgment to the effect that the corporation has the right (1) to purchase the property in accord with the contract of sale between the corporation and the owner; (2) that the operation of the club is authorized to be carried on in a first residential district under the zoning

laws of the City of Waco, and for general relief.

Before the cause went to trial the appellees asked that the City of Waco be made a party and the City filed its answer, which answer set up substantially that in September, 1947, the Governing Body of the City of Waco enacted a comprehensive zoning ordinance for the City of Waco and set out that the City of Waco is divided into 11 classes or districts and it enumerated them; it specifically set out that Sec. 5 of Title 9, known as the zoning ordinance, provides that the first residential district shall be:

"In a first residential district, no building or premises shall be used and no building shall be erected or structurally altered, which is arranged or designed to be used for other than one or more of the following uses:

"(1) One-family residence.

"(2) Church, parish house, school, college or library; provided that all buildings meet the Building Code requirements for buildings in the Number One Fire Zone.

"(3) Private Club other than a riding club, and also other than a club the chief activity of which is a service customarily carried on as a business."

The only relief the City asked for was that the court enter a declaratory judgment declaring whether or not the Waco Federated Women's Clubs is a private club within the meaning of that term as used in Section 5, sub-section 3, of the Zoning Ordinance of the City of Waco, and whether or not plaintiffs are entitled to establish their clubhouse in a First Residential District, and for such general and special relief to which it may be entitled. The City took no exception to the decree entered by the court and has filed no brief herein.

The parties in oral argument stated that the trial court did not have any special hearing on their application for injunction and the only hearing had was the one on the merits. It is not shown by the record whether the property owned by the club at 14th and Washington Streets was sold before or after the trial, nor whether the property at 2900 Bosque Boulevard was purchased before or after the trial. However, counsel stated in open court that the property at 14th and Washington was sold and the property purchased at 2900 Bosque after the court rendered its judgment herein. So all the testimony tendered on the hearing was as to the use that had been made of the property at 14th and Washington Streets and the parties have tried the case on the theory, see Rule 67, Texas Rules of Civil Procedure, that the same or similar use made of the property at 14th and Washington Streets would be made of the property at 2900 Bosque Boulevard. Counsel further stated in oral argument that there had never been any complaint to the City of the use made of the club property at 14th & Washington Streets, and that nothing touching the manner of the operation of the club at 14th & Washington had ever been submitted to the Board of Adjustment on zoning. Since no use of the property at 2900 Bosque Boulevard had been made at the time the case was tried, the question here presented to us is: Does the factual situation here presented under all the surrounding circumstances constitute a justiciable controversy? So, we have a very unusual factual situation before us. First of all, there is no issue to be decided by us as to whether or not the corporation had a right to sell the property at 14th and Washington; nor is there any question to be decided by us as to the right of such corporation to purchase the property at 2900 Bosque, nor is there any question before us as to the use that has been made of the property at 2900 Bosque since the corporation acquired it.

■ Since the trial court, in its decree, found that the President and Trustees of the Club were not guilty of any fraud in any respect with reference to the contract for the sale of the 14th Street property, nor with reference to the purchase of the property on Bosque Boulevard for the new home of the Club, and since the action of the trial court in so doing is not here assailed, and since there is no complaint be-

fore us as to the uses made of the property at 29th and Bosque Boulevard after the Club acquired such property, we think the sole question before us is: Did the trial court have a right to find and declare, under our Declaratory Judgment Act, that such corporation is a private club within the meaning of Sec. 5, sub-section 3, Title 9 of the Zoning Ordinance of the City of Waco? Although this question may not be free from doubt, it is our view that the trial court did have such power. Section 2 of Article 2524–1, V.A.C.S., provides: "Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Our Supreme Court in Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, pt. 9, p. 713, 172 A.L.R. 837, made this statement of the rule: "* * * the declaratory judgment proceeding is an additional remedy and does not supplant any existing remedy, but is intended as a speedy and effective remedy for the determination of the rights of the parties when a real controversy has arisen and even before the wrong has actually been committed." This rule has not been changed.

Moreover, we think the pleadings of the appellees and the City, together with the zoning ordinance introduced, tendered such issue for the court's determination. It is also our view that it was the duty of the court to determine such question as a matter of law. First of all, the purpose of the Club, as shown in its Charter, is to support literary and scientific undertakings and the study of literature and the giving and receiving of lectures and addresses on current topics. The Charter provides that the corporation shall not have any capital stock and that it shall be operated without profit and that no shares shall be issued. The Charter further provides that its membership shall be composed of the affiliated women's clubs of the City of Waco and their members, upon such terms and representations as shall be determined by the by-laws of the federation. We have no difficulty in reaching the view that, under the charter granted to the Waco Federated Clubs, such organization is a private club, and that such question is one solely for the court. It necessarily follows that it was the duty of the court to disregard the finding of the jury to the effect that it was not a private club, and to make the finding that it was a private club. It is our further view that the evidence is sufficient to support the jury finding to the effect that the chief activity of such club is not a service customarily carried on as a business. Such finding necessarily brings the club within the provision of sub-section 3 of Sec. 5 of Title 9 of the Zoning Ordinance, as specifically pleaded by the City. It follows that the court did not err in entering its decree to the effect that the Waco Federation of Women's Clubs is a private club as a matter of law, and is such an organization as is permitted to occupy the premises at 29th and Bosque Boulevard, and to carry on the operations for which it was chartered, in a First Residential District under the Zoning Laws of the City of Waco.

The general rule as to the public policy of our Supreme Court in construing zoning ordinances is found in a statement by our Supreme Court in the case of City of Sherman v. Simms, 143 Tex. 115, 183 S.W. 2d 415. The policy there stated has not been changed.

Accordingly, the judgment of the trial court is affirmed.