**CITY OF AMARILLO, Appellant,**

v.

**E. P. MEADE, Appellee.**

No. 6550.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 31, 1955.

Rehearing Denied Feb. 6, 1956.

Monning & Monning, Amarillo, (Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, on motion for rehearing), for appellant.

Simpson, Clayton & Fullingim, Amarillo, for appellee.

MARTIN, Justice.

Appellee, E. P. Meade, applied to the building inspector of the City of Amarillo for a building permit authorizing the erection of a residence with an attached garage. The house plan originally specified an enclosed utility room between the garage and the house but this room plan was abandoned when the application for a permit was denied by the building inspector. Appellee, in finishing the house and garage, attached the garage to the house with a roof approximately six feet in width and ten inches in length as between the eaves of the garage and the house. The building inspector refused to issue a permit for the building on the proposition that the attached garage was a part of the main residence and, for that reason, the structure violated the city zoning ordinance require-

ment that the rear yard of such residence shall have a minimum depth of twenty-five feet.

Appellant, City of Amarillo, after giving notice through its building inspector that the house and attached garage violated the above rear yard requirement of the ordinance, instituted suit to secure a mandatory injunction requiring appellee to remove the roof connection between the garage and the house. On trial of the cause, the parties agreed there was no issue of fact and the trial court withdrew the case from the jury and entered judgment denying appellant any recovery on its application for a mandatory injunction. Appellant presents six points of error in an appeal from such judgment.

■ An examination of the exhibits and the testimony in the Statement of Facts leads to the conclusion that the house and garage in issue constitute one main building. Dodson v. Dooley, Tex.Civ.App., 280 S.W.2d 758. But this ruling does not dispose of the controlling issue in the present cause of action. By pleadings, by evidence and by appropriate counter-points, appellee presents the following issue which controls the disposition of the appeal in this Court, to-wit:

"The ordinances upon which the City predicates its suit are void in the instances pertinent to this suit for the reason that the provisions involved in this suit bear no relationship to the health, welfare, morals or safety of the public."

It must be borne in mind that the appeal is concerned solely with the provisions of the ordinance requiring a minimum twenty-five foot rear yard as to appellee's house. That the sole issue in the cause is such rear yard requirement is emphasized by the testimony of J. L. Adams, building inspector for appellant:

"Q. If I have followed this—you answer me now and tell me whether I am right or wrong—if the roof that now connects this garage with this house was cut in two there where they

come together, this law suit would terminate, wouldn't it? A. That is correct.

"Q. In other words, the only possible reason that you in your official capacity, representing the City of Amarillo in this suit, the only possible way that you say that this man is violating, is because you contend that, having a solid roof between the garage and the house, makes the garage and the house one and the same building and brings it so that your rear yard won't be as much as twenty-five feet; now that is what you mean to say, isn't it? A. Yes."

The uncontroverted evidence establishes it is appellant's theory that the removal, by mandatory injunction, of the small connecting roof between appellee's house and garage will effect a compliance with the ordinance provision requiring a minimum twenty-five foot rear yard. It is likewise established by the record that it is appellant's theory that if the City fails in its suit to remove the small connecting roof between appellee's house and garage, under the ordinance as sought to be administered by the City, the minimum twenty-five foot rear yard requirement is violated. Therefore, under the ordinance provision as thus sought to be enforced by appellant City, appellee's rear yard can be expanded or contracted twenty-five feet in legal theory by merely removing or replacing the ten-inch section of roof between appellee's house and garage.

■ The ordinance provision in issue, and the effect thereof on appellee's property and his constitutional rights, must be weighed as to its legality under the following legal principle:

"The justification for zoning rests in the police power of municipalities. In the exercise of that power arbitrary and discriminatory regulations will not be upheld, but only such regulations as are reasonable and have a substantial relation to the health, safety, morals or general welfare of the community."

City of Sherman v. Simms, 143 Tex. 115, 183 S.W.2d 415, 416 [1].

There is no issue in this cause as to a possible fire hazard, as to sanitation or like elements but the issue is solely one as to legality of the requirement of the city ordinance that appellee have a rear yard of a minimum depth of twenty-five feet as to his house. It is difficult to conceive a situation where the mere size of a rear yard, considered by itself, has any substantial relationship to the health, safety, morals or general welfare of the community. It is more difficult to accept as a sound legal principle appellant's theory that the mere elimination of the small roof between appellee's house and garage will effect a rear yard of the minimum depth of twenty-five feet as required by ordinance. It is recognized that the theory of the City is that the connecting roof renders the garage and house one building, and that there must then be a twenty-five foot rear yard as to the garage as being a part of the house. As developed by testimony in the cause, appellee can fully comply with the ordinance provision in issue by merely sawing an opening across the roof in issue. The application of the ordinance by appellant is wholly theoretical rather than practical.

The attempted enforcement of the rear yard provision of the ordinance in this cause is capricious, arbitrary and unreasonable and the ordinance provision requiring that the minimum depth of appellee's rear yard shall be twenty-five feet as to his garage rather than his house has no substantial relationship to the health, safety, morals or general welfare of the community and is in violation of appellee's constitutional rights. Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704; City of West University Place v. Ellis, Tex.Com.App., 134 Tex. 222, 134 S.W.2d 1038; State ex rel. Westminster Presbyterian Church of Omaha, Neb. v. Edgcomb, 108 Neb. 859, 189 N.W. 617, 27 A.L.R. 437.

The appellant's points of error are overruled and the judgment of the trial court is affirmed.