**Floyd DUNAWAY et ux., Appellants,**

**v.**

**CITY OF AUSTIN and the Episcopal Theo logical Seminary of the Southwest, Appellees.**

**No. 10396.**

Court of Civil Appeals of Texas.

Austin.

May 16, 1956.

Tisinger & Sloan, R. Sam Rea, Austin, for appellants.

Doren R. Eskew, City Atty., Clifton E. Speir, Asst. City Atty., Austin, for City of Austin.

Graves, Dougherty & Greenhill, Thomas Gibbs Gee, Austin, for Episcopal Theological Seminary of the Southwest.

ARCHER, Chief Justice.

This is an appeal from an order of the trial court sustaining a Motion for Summary Judgment in favor of the City of Austin and The Episcopal Theological Seminary and denying a Motion for Judgment made by Floyd Dunaway and wife, Allie Merle Dunaway, and in decreeing that the Dunaways take nothing of the City or the Seminary.

The appeal is before this Court founded on twelve assignments of error and are to the effect that the court erred in granting appellees' motion for summary judgment because there were disputed fact issues as to whether the construction would constitute a nuisance and as to whether the property was suitable for the uses for which it was zoned, or as to whether any hardship existed as to the use of the property, or whether the proposed change of zoning restrictions have any substantial relation to promoting the general welfare of the community; that there was no evidence before the court, the City Planning Commission or the City Council that the land was not suitable for the use for which it was zoned; that the City Planning Commission abused its discretion in granting the special permit; that the City Council abused its discretion in affirming the order of the Planning Commission; that the order of the Council is void; that the ordinance section under which the permit was granted is void; that the procedure provided by the ordinance is invalid; that Sections 10a and 10b of the ordinance give the Planning Commission powers prohibited by the City Charter; that the order and permit constitute spot zoning; that the provisions of the ordinance are arbitrary and unreasonable; that the section is void for lack of uniformity.

Floyd Dunaway filed a motion for summary judgment supporting it by his af-

fidavit, which also controverted the defendants' motion for summary judgment.

The affidavit stated that the neighborhood was a quiet residential area with a public playground and many fine homes and detailed the description of the library building and set out the reasons why the construction of the same would be harmful and objectionable.

The Seminary in its motion for summary judgment attached the affidavits of two individuals; the facts of the notice of the provisions of the permit which had been complied with. An architect made an affidavit as to the location of the property lines and as to the compliance with the Zoning Ordinances. Other affidavits were to the effect that the Seminary would be operated in a quiet and decorous manner.

Appellees have counterpoints as follows:

"Point 1. This suit is one to enjoin, in advance, the construction of a library building as a nuisance. Such being its nature, appellants were required, in order to prevail, to introduce some evidence that the building is a nuisance per se or an inevitable nuisance, however operated. This they failed to do, and summary judgment was properly rendered against them.

"Point 2. Valid ordinances authorizing the proposed library are in effect; therefore it may not be enjoined prospectively as a nuisance.

"Point 3. The present ordinance, and defendant's permit granted thereunder, are valid."

We believe that the trial court was correct in denying appellants any relief and justified in granting the Summary Judgment in favor of appellees, since there was no showing that the building is a nuisance per se or an inevitable nuisance however operated.

In 1952 the Seminary was given the tract of land, concerning the use of which this litigation stems, as a permanent location. The gift was made subject to the prompt beginning of plans for buildings for seminary use.

The Seminary constructed a large dormitory, a part of which is being used as classrooms.

Prior to November 4, 1954, the Zoning Ordinances permitted construction of churches, libraries, colleges, etc. in residential areas like the area herein involved without issuance of a special permit as is now required.

On November 4, 1954, an amending ordinance was passed, providing in part that colleges and libraries might be constructed only upon application, hearing and issuance of special permits.

The Seminary filed a site plan and application for a special building permit with the City Planning Commission. Notice of hearing was sent to all owners of real property within 200 feet of the subject tract; and, on March 1, 1955, a public hearing was held and appellants appeared and opposed the issuance of the permit. The first plan of the Seminary was to build within 10 feet of the property line. The permit was granted and appellants appealed to the City Council and notices were issued to contiguous property owners and a public hearing was held on July 28, 1955, at which appellants appeared, and the special permit theretofore granted was amended to require construction of the library fifteen, rather than ten feet from the property line of the appellants' property and as amended was affirmed. Subsequently this suit was instituted praying for an injunction against appellees forbidding them from proceeding under the permit and from building any structure closer than 50 feet from appellants' property line. The petition also asserted that the order of the City Council approving the permit and the zoning ordinance under which the permit and order were issued are both void.

There is no complaint that the Seminary has not complied with the ordinances, nor do appellants seek to enjoin the operation of the Seminary.

The apparent purpose of appellants' pleading is to enjoin in advance the erection of the planned library on the theory that if erected it would necessarily constitute a nuisance whatever the manner of its operation.

In reply to appellants' pleading, appellees answered by general denial and moved for summary judgment with supporting affidavits, asserting that there was no genuine issue as to any material fact in the case and that on the law they should have judgment.

Appellants answered asserting that there were many contested issues of fact, and that appellees should not have judgment, and further that appellants should have a judgment on their motion.

The appellants are the owners of a residence located on a corner lot and adjacent to a part of the Seminary property. The residence is 33 feet high and is located 7 or 8 feet from the common boundary line of the Seminary.

The Seminary will be 35 feet high and will be 15 feet from the appellants' property line. The east wall of the building will be 35 feet from the common boundary. The upper floors will overhang the lower but will not come nearer than 15 feet to a vertical projection of appellants' property line.

The building will be air conditioned and no openings will be on the east side of the building opposite appellants' residence, and will be used for use as a library and will not contain classrooms or sleeping facilities.

■ As has been stated the suit is for an advance injunction against the construction of the library on the area where the construction has been authorized and the general rule is that an injunction will be denied where the threatened or anticipated act complained of may or may not become a nuisance.

31 Tex.Jur. 445, paragraph 33, Threatened or Apprehended Nuisances; Boyd v. City of San Angelo, Tex.Civ.App., 290 S.W. 833, er. ref.

■ The library building is not a nuisance per se. City of Sherman v. Simms, 143 Tex. 115, 183 S.W.2d 415.

■ We believe that the city ordinance and the appellees' permit grouped thereunder are valid, but if the present ordinance is invalid the one of unquestioned validity, which authorizes the construction of the library, is still in effect.

Section 4, subsection 4, permitted Free Public Schools, Parochial Schools, Church Schools, Colleges and Universities, and Subsection 5 authorized Libraries in Class A residence districts.

30–A Tex.Jur. 307; City of Laredo v. Frishmuth, Tex.Civ.App., 196 S.W. 190, er. dism.; State ex rel. Garza v. Rodriguez, Tex.Civ.App., 213 S.W.2d 877, no writ history; Reed v. City of Waco, Tex.Civ.App., 223 S.W.2d 247, er. ref.; City of Sherman v. Simms, supra.

In City of San Angelo v. Sitas, 143 Tex. 154, 183 S.W.2d 417, the Court held that the courts would not go behind the terms of an ordinance, etc.

■ Zoning Ordinances properly enacted are invested with a strong presumption of validity.

City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477.

The judgment of the trial court is in all things affirmed.