M. A. LAMKIN et ux., Appellants,

v.

CITY OF BELLAIRE, Texas, Appellee.

No. 3492.

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1957.

Rehearing Denied Jan. 2, 1958.

Sherman & Blaschke, Houston, for appellants.

Paul Strong, Houston, for appellee.

McDONALD, Chief Justice.

This is a suit brought by the City of Bellaire, as plaintiff, against M. A. Lamkin and wife, as defendants, seeking an injunction requiring defendants to remove a 4 foot cyclone fence from the sides of their lot in the City of Bellaire, and to remove a 30 inch high wooden fence from the front of their lot, on the ground that maintenance of such fences was violative of an ordinance of the City of Bellaire. Trial was before the court without a jury, which refused the injunction as to the side fences, but granted the injunction requiring defendants to remove the 30 inch high front yard fence. There is no appeal from the Trial Court's action refusing the injunction as to the side fences; defendants appeal from the Trial Court's action requiring them to remove the front fence, contending: 1) The Trial Court erred in determining that the provision of the City of Bellaire zoning ordinance which provides that *"No fences, walls, or anything similar shall be permitted in the front yards"*, is valid, and particularly as applicable to defendants' front wooden fence, and in ordering removal of same. 2) The Trial Court erred in finding that the elimination of fences from front yards of residences has a reasonable relationship to the public health, safety, and general welfare, and particularly as applicable to defendants' front wooden fence.

The Trial Court filed Findings of Fact and Conclusions of Law, applicable portions of which are summarized below:

Findings of Fact

1) The City of Bellaire, Texas, is a Home Rule City, organized, incorporated, and acting under the Constitution and Laws of the State of Texas.

2) The 40th Legislature of the State of Texas conferred on cities the right to pass zoning ordinances.

3) Defendants Lamkin and wife own and occupy a lot and residence at 501 Bolivar Street in the City of Bellaire.

4) The Zoning Ordinance of the City of Bellaire provides, among other things, in substance that there shall be no fence in the front yard.

7) Since the adoption of the Bellaire Zoning Ordinance defendants built a 3 rail wooden fence in their front yard from one side of their property to the other.

8) Officials of the City of Bellaire have requested defendants to remove this fence but they have not done so.

9) The Acts of the 40th Legislature give the City of Bellaire the right to maintain an injunction action in the event of a violation of its Zoning Ordinance.

11) The elimination of fences from areas between a street and a parallel line drawn through the fronts of houses facing such street, in districts zoned for single family residences, has a reasonable relationship to the public health, safety and general welfare in that elimination of such fences: 1) makes it easier for police patrol cars to see what is going on down the street; 2)

makes it easier to police the area by depriving criminals of places of concealment in front yards; 3) makes it easier and quicker for fire fighting in the homes of residents, by eliminating the necessity of going through a gate or over a fence to bring ladders, hoses and men to fight fires; 4) makes it easier for drivers of vehicles using the street to see children and vehicles which might come or run into the street.

### Conclusions of Law

1) Defendants did not discharge the burden of proving, as a matter of law, that the provisions of the Bellaire Zoning Ordinance forbidding fences had no reasonable relation to the public health, safety or general welfare, and such provisions were, therefore, within the discretionary powers conferred upon the City Council of the City of Bellaire in legislative matters.

2) The fence requirements of the Zoning Ordinance of the City of Bellaire bear a reasonable relation to the public health, safety and general welfare of said city.

3) The 3 rail wooden fence painted gray, which is parallel to and about 18 feet east of the east line of Bolivar Street, on the property of defendants, is contrary to the restrictions against fences in front yards contained in the Zoning Ordinance and should be ordered removed.

The City of Bellaire ordinance provides: *"No fence, wall, or anything similar shall be permitted in the front yards."* The record before us shows that defendants erected, 18 feet back from their property line and some 32 feet back from the traveled portion of Bolivar Street, a 3 rail wooden fence, *30 inches high.* It is constructed with 4 x 4 posts set in the ground and connected by three 1 x 6 rails. The defendants' house is some 75 feet back from the street. The record reflects that the fence is decorative and has roses and flowers planted along its course. As noted, the height of the fence is 30 inches from the ground. Defendants testified that they erected the fence to landscape their yard and for their own

privacy and to keep out dogs. The Bellaire City Police Chief testified that it was easier for the police to patrol and detect criminals if there were no fences for criminals to hide behind, and that motorists could see children who might come into the street easier; and the Bellaire City Fire Chief testified that the presence of fences made it inconvenient for firefighting in that firemen, with hoses, etc., had to climb over same.

The defendants have introduced into evidence a number of photographs which show defendants' home and the complained of 30 inch high wooden fence, in relation to the street and general environment.

Defendants appeal from the Trial Court's order to them to remove the 30 inch high wooden fence, contending the ordinance is invalid, and particularly as applicable to their 30 inch high fence; and that the ordinance has no reasonable relationship to public health, safety and general welfare, and particularly as applicable to their 30 inch high fence.

■ The justification for zoning rests in the police power of municipalities. In the exercise of that power arbitrary and discriminatory regulations will not be upheld, but only such regulations as are: 1) *reasonable* and 2) *have a substantial relation to the health, safety, morals or general welfare of the community.* Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; Ellis v. City of West University Place, 141 Tex. 608, 175 S.W.2d 396; City of Sherman v. Simms, 143 Tex. 115, 183 S.W.2d 415.

■ While such police power is broad, there are limitations to its exercise. The restrictions by zoning ordinances, imposed upon the use of one's property, to be valid, must have some substantial relationship to the public health, safety, morals or general welfare. The reserved police power of the state must stop when it encroaches on the protection accorded the citizen by the Federal Constitution. Private property cannot, under the guise of police power, be sub-

jected to unreasonable annoyance, and arbitrary restriction of its use, where public welfare can in no way receive benefit by such restriction. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, W/E Dis. judg. correct.

■ A zoning ordinance is an exercise of the legislative function of the City Council and is presumed to be valid. One who asserts the invalidity of a zoning ordinance has the burden of establishing such contention. The courts will not interfere unless it appears that the ordinance represents a clear abuse of municipal discretion. If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police powers. City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W. 2d 477; 10 Tex.Jur. 10 Yr.Supp. p. 210.

■ *Final determination of the validity of the ordinance must turn on the circumstances of each case, and the character of the regulations involved.* City of Waxahachie v. Watkins, Tex., supra.

■ *A zoning ordinance may be valid in its general aspects, and yet as to a particular state of facts involving a particular owner affected thereby, may be as to such owner, so clearly unreasonable as to be unenforceable.* City of Corpus Christi **v.** Jones, supra.

■ So far as we have been able to determine, there are no cases involving zoning ordinances which forbid a front yard fence. From the beginning of recorded history the right to build a fence around one's premises has been a fundamental right incident to the ownership of property. The building of a fence in one's front yard, to landscape and beautify, to provide privacy, or to keep out dogs, is an age old and fundamental right which accompanies the ownership of real estate. To forbid the building of front yard fences, and particu-

larly one 30 inches high located 32 feet back from the street, can in no way benefit the general welfare. The testimony and finding that elimination of front yard fences makes police work and fire fighting easier has no bearing upon the real issue of whether elimination of front fences is so necessary to the public good as to justify the taking away of a constitutional right of property and its normal uses. The city officers' testimony, we think, was without probative weight as applied to defendant's 30 inch high fence located 32 feet back from the traveled portion of the street.

■ The defendants testified that they erected the fence to landscape their premises, for their own privacy and to keep out dogs. A careful examination of the photographs defendants introduced into evidence, showing defendants' premises and the 30 inch high fence, demonstrates very forcibly to us that this wooden fence, 30 inches high, with flowers planted along its course, could in no reasonable manner hinder or obstruct police patrols in the performance of their duties, or obstruct firemen in fighting fire, or obstruct the drivers of vehicles using the streets from seeing children. The defendants' evidence, taken as a whole, including the photographs (as well as photographs introduced by the plaintiff) impels us to the conclusion that the ordinance is unreasonable as to this particular fence, and further, that as to this particular fence, has no reasonable relation to the health, safety or general welfare of the community. It is difficult to conceive a situation where the presence of this 30 inch high fence, located some 32 feet from the traveled portion of the street, could of itself have any substantial relationship to police protection, fire protection, or the safety of children—the only matters testified to by the plaintiff city. See City of Amarillo v. Meade, Tex.Civ. App., 286 S.W.2d 276; Thomas v. Zoning Board of Adjustment of City of University Park, Tex.Civ.App., 241 S.W.2d 955.

■ From what has been said, and applying the rules of law announced to the

particular facts in the instant case, we are of the view that the ordinance of the City of Bellaire providing: *"No fence, wall, or anything similar shall be permitted in the front yards"*, is so unreasonable as to the appellants' 30 inch high fence, as to be unenforceable. We express no opinion upon the validity of the ordinance generally.

The judgment of the Trial Court is reversed and judgment rendered that plaintiff take nothing.

Reversed and rendered.