### T. D. Wood v. City of Victoria et al.

Delivered April 7, 1898.

**1. Municipal Corporation—Injunction—Insufficient Pleading.**

Where a resident of a city seeks to enjoin the performance by it of an illegal contract to furnish water, by means of its waterworks, to a gin company outside the city, an allegation in the petition that such furnishing of the water diminishes the protection of plaintiff's property against fire, and that the pressure when the water tank is full is scarcely sufficient to afford fire protection, is not sufficient to show a cause of action, it being nowhere averred that the tank is not or can not be kept full when the gin company is being furnished with water.

**2. Same—Injunction Against Illegal Contract by.**

Courts of equity will not restrain municipal governments in the exercise of their functions from acts that are even ultra vires, unless the complainant shows the act to be an injury to him or his property, and one against which he has no adequate protection.

Appeal from Victoria. Tried below before Hon. James C. Wilson.

*Proctors,* for appellant.

*T. R. Wood* and *Samuel B. Dabney,* for appellees.

PLEASANTS, Associate Justice.—This is a suit in which appellant seeks, upon final hearing, an injunction restraining appellee, the city of Victoria, and other appellees, from continuing to supply water from the waterworks of the city to a certain gin company, a private corporation operating its gin outside the city limits, for the use of said company in the conduct of its private business. The defendants in the suit, besides the city of Victoria, were its mayor and its aldermen. The gin company, which the petition alleges the city was supplying with water under an illegal contract made with the company by the city, was not made a party defendant. The petition was demurred to by the defendants, and the demurrers in part were sustained, and the plaintiff declining to amend, his suit was dismissed, and he prosecutes an appeal to this court. The petition alleges:

"1. That petitioner is a resident citizen of the county of Victoria, and a resident citizen of the city of Victoria, and owns both real and personal property in said city, said real property being of the value of at least $5000, and said personal property being of the value of at least $7030; and that upon real and personal property in said city, this petitioner has for several years past and now pays taxes to said city of Victoria

"2. That said city of Victoria is a municipal corporation, now acting under the general statute as set forth in title 18 of the Revised Civil Statutes of Texas relating to cities; and has and possesses those rights,. powers, and duties as defined and declared in said title of said statute, and none others; no special act nor charter having been granted to said city vesting in the same any other or further powers. That the corporate limits of said city are defined by law, and embrace a superficial area of about 640 acres.

"3. That said Ben. F. Williams resides in said Victoria County aforesaid and is the present mayor of said city of Victoria; and said other private individuals named above and joined herein as defendants, all of whom are also residents of said Victoria County, are the aldermen of said city, and that said mayor and said aldermen compose the city council of said city.

"4. That heretofore, to wit, in about 1884, and at a time when said city was acting under the powers conferred by said general incorporation act relating to cities before referred to, the said city of Victoria did construct a waterworks system for the inhabitants of said city; consist-- ing of a pumping station and machinery, and appliances therein contained, for the purpose of pumping water from the Guadalupe River through pipes into a reservoir, or standpipe, for storage of said water; and a system of mains and pipes over various streets of said city, for the purpose of furnishing water supply and protection against fire to the inhabitants of said city; and from time to time thereafter have added to said system for said purpose aforestated. That the original cost of said waterworks plant was about $45,000, and that said city issued its bonds aggregating said sum and due forty (40) years after their date, to pay for the same; and does levy and collect, and has since the inception of said debt levied and collected annually, a tax of 25 cents on each $100 of values from the property owners in said city, to pay interest upon said debt, which is 6 per cent per annum, and create the legal sinking fund of two and one-half (2½) per cent per annum thereon. That said debt has not been paid, but there is still owing thereon about $32,000, which sum is a valid debt and obligation of said city, and that said tax, in amount 25 cents per $100 valuation, and aggregating $17, was levied and collected in 1896 from your petitioner upon the property owned by him in said city of the assessed valuation of $6840; and said tax has been levied and will be collected from your petitioner for the current year 1897 upon said property now owned by your petitioner, of the assessed and reasonable value of $12,030, as aforesaid, and will amount to thirty, seventy-five one hundredths (30.75) dollars. That all of said waterworks system as originally built and subsequently added to, has been built and constructed with funds derived by said city from rentals paid by consumers of water within the limits of said city, and from taxation and by issuance of its bonds, to be paid by taxation as aforesaid; and said waterworks system is wholly owned by said city, and no other person. firm, or corporation has any interest therein whatsoever, and is:

wholly situated within the corporate limits of said city, except the pumping station, which is situated near the extreme northern boundary of said city.

"5.   That there exists a corporation known as the Farmers and Merchants Gin Company, which is created under the laws of the State of Texas, whose general object and purpose is to construct and operate a plant for ginning cotton.   That said corporation is a private corporation created for gain, and has and possesses no public, municipal, nor eleemosynary purpose or power.   That said corporation owns and possesses a gin plant, which is situated wholly without the fixed corporate limits of said city of Victoria, and near its extreme eastern or southeastern boundary, and pays no municipal taxes whatsoever to said city.

"6.   That heretofore, to wit, on or about January 14, 1897, the said Farmers and Merchants Gin Company presented, at a regular session of the city council of said city of Victoria, a petition praying that the said city enter into contract with the said gin company for the supply of water to said gin company for one year, from the first day of July, A. D. 1897, at a price of seventy-seven fifty one-hundredth (77.50) dollars. That pursuant to said request an agreement purporting to be a contract, but of absolutely no validity, and clearly beyond the corporate powers of said city and the authority of said city council, as hereinafter made more apparent, was made by said city with said private corporation for the supply of water to it, said gin company, by said city, for said period of time, and for said price and consideration per annum.   That the said illegal agreement purporting to be such contract is in the possession and control of said city and its officers, defendants herein, and is not in the possession of your petitioner, who is unable to allege more definitely its terms and provisions.   That the said officers, acting in the name of the said city, are now furnishing to said private corporation from said general system of waterworks, so constructed by said city as aforesaid, a supply of water, which supply of water is furnished at a point where said gin plant is located, entirely without said corporate limits of said city, and for said money consideration, and for no other consideration or purpose whatsoever.   That the said location of said gin plant where said water is furnished is distant over a mile from the pumping station of said waterworks, and no line of piping from said pumping station to said reservoir or standpipe nor other line of piping, for the supply of water to the inhabitants of the city of Victoria, laid prior to the making of said illegal agreement, runs over, through, or upon the premises whereon is located said gin plant.   That the city council of said city, composed of said mayor and said aldermen, against and over the protest of petitioner, publicly declare their purpose and intention to continue to supply water thereunder to said private corporation at said point, without said corporate limits, and for said money consideration.   And your petitioner says that the said purported agreement made with said private corporation is unwarranted and illegal, in this, that said city has no power to furnish water to any person, except an inhab-

itant of said city, nor at any place, except within the corporate limits, and especially has no power to sell and dispose of water for gain to a private corporation at a point without said corporate limits, as is now being done as aforesaid; and that performance of said agreement is unwarranted and illegal, in this, that it is an unlawful use and, appropriation of the municipal property of said city, involving as it does in the furnishing of said water the use of said waterworks system belonging to said city, in that said water so supplied is pumped from said river into said reservoir or standpipe, and from there by means of pipes is supplied to said gin company at said point, without said corporate limits, as aforesaid. That said gin company, under pretense of said illegal agreement, daily consumes 5000 gallons of water.

"7. Further, your petitioner alleges that the said system of waterworks so erected by the city of Victoria is the only system in the said city for the supply of water to its inhabitants; and that the said city has so undertaken the duty of furnishing to said inhabitants a supply of water, and of protecting them against loss by fire, as to prevent any other person, firm, or corporation from performing such duty, or from establishing any general system of waterworks for said inhabitants of said city, and that consequently your petitioner is compelled to rely, and does rely, upon the said general system of waterworks for a water supply, and for such protection against fire to his property situate in said city, among which is a valuable frame residence worth about $3000, wherein petitioner with his family now reside, and in which dwelling your petitioner has personal property, consisting of household goods and so forth, of a reasonable value of $2000. That the said defendant city, by the erection of said system of waterworks, undertook the legal duty, still incumbent upon it, to provide a supply of water to petitioner and to provide adequate protection against fire to him. That the said system of waterworks so constructed by said city consist in part, as aforesaid, of a standpipe, which is less than 100 feet in height, and of a capacity of only one hundred thousand (100,000) gallons or less, and that the said city of Victoria has within its corporate limits 5000 or more inhabitants, and that the said system is of such nature, character, and so constructed that there is no surplus water available to said city for sale or disposal outside of the limits of said city. That in fact a considerable portion of said city, and to say more than one-fourth of its area, is without mains and pipes for the supply of water, and consequently without any reasonable fire protection. That in order to supply the necessities of the inhabitants of the city of Victoria with water, prior to the making of said illegal agreement, it was generally necessary to fill said standpipe twice in each twenty-four hours, and even then it often occurred that there was an insufficient pressure to properly and effectively prevent a conflagration in said town; that in fact prior to the commencement of said illegal act of furnishing water to said gin company outside of the limits of said city complained of, the supply of water from said waterworks system and pressure thereby afforded was barely, if sufficient

at all, to protect the property of plaintiff from fire, and that by reason of such illegal disposition of water to said gin company there is imposed upon said city not only an unwarranted additional expense in the operation of its said system of waterworks and illegal use of its corporate property, to say, the said system of waterworks, but also there is thereby increased the risk and hazard to petitioner's property from fire, and there is diminished the protection against fire which had existed theretofore and was afforded by said system. That in addition to the legal duty above alleged and incumbent upon the said city of Victoria to plaintiff, as an inhabitant thereof, to furnish him and his property adequate fire protection by virtue of the act of said city, in exercising the corporate power of providing and furnishing water to the inhabitants of said city, and excluding other persons or corporations from providing a general system of waterworks or furnishing water for the inhabitants of said city, the said city of Victoria owed to this petitioner at the time of the attempt to make said illegal agreement above complained of, and during the time of the illegal furnishing of water above complained of, and now owes to this plaintiff a special contract duty to furnish him and his property water for the purpose of protection against fire, in that this plaintiff at the time of said illegal agreement and furnishing of water above complained of, and continuously since, and now is, a water consumer paying to said city of Victoria a money consideration per quarter according to rates fixed and established by the city council of said city for the supply of water to the inhabitants thereof, and receiving said water upon his (petitioner's) premises whereon he resides as aforesaid, through fit and suitable supply pipes on said premises established, and which said special right so acquired is now and will continue to be impaired by such illegal furnishing of said water to said gin company, and that the fire protection which existed prior thereto is diminished and is insufficient. That the performance of said illegal agreement with said gin company will entail upon petitioner an injury irreparable in its nature, for whch he has no legal redress."

These allegations are followed by prayer for an injunction on final hearing, perpetually enjoining and restraining said city and its mayor and aldermen and their successors in office, and the agents and employes of defendants, and each of them, from the performance by said agreement, made and entered into, as before alleged, with said gin company; and by prayer for equity and general relief. The demurrers presented to the petition by the appellees are as follows:

"1. Plaintiff's petition is insufficient, in that it appears on the face thereof that the Farmers and Merchants Gin Company is a necessary party; without it this action can not proceed.

"2. And further answering, if so required to do, defendants demur to plaintiff's petition, and say the same is insufficient in law.

"3. And further, by way of special demurrer, defendants say that it

Vol. XVIII. Civil—37

appears from plaintiff's petition that the necessary parties defendant have not been made, and that the Farmers and Merchants Gin Company is a necessary party defendant.

"4. And further answering by way of special demurrer, defendants demur to plaintiff's petition, because it appears therefrom that the town council of the city of Victoria have not committed an illegal act or exceeded their lawful authority in contracting with the Farmers and Merchants Gin Company to furnish them with water.

"5. And further answering by way of special demurrer, defendants say that plaintiff's petition is insufficient, in that no damage or wrong to the plaintiff is alleged therein, and that no allegations are made upon the basis of which any loss or damage either accrued or to accrue can be shown.

"6. And further answering by way of special demurrer, defendants demur to plaintiff's petition because no facts are alleged upon the basis of which any irreparable damage to plaintiff can be shown as having accrued or is about to accrue; and because it is merely stated that the contract with the Farmers and Merchants Gin Company is illegal, and 'that the performance of said contract will entail upon petitioner an injury irreparable in its nature, for which he has no redress.'

"7. Defendants further specially demur to plaintiff's petition in that it sets up as a cause of action the contract made with the Farmers and Merchants Gin Company, which is alleged to be illegal, without setting out said contract; and in that the conclusions of the pleader, being his construction of said contract, and not the contract itself, and in that it is implied, without being positively stated, that the city has extended its pipes and mains to the gin property outside of the limits.

"8. Defendants specially demur to that portion of plaintiff's petition wherein he sets out that the protection of his property against fire has been impaired, because it is not stated therein how much the impairment of the protection is, nor the amount of the pecuniary loss claimed to have been incurred; and because no basis is stated from which a calculation may be made of the amount of the damages; and because these allegations art indefinite, and the damage alleged speculative.

"9. Defendants demur to that portion of plaintiff's petition in which it may be claimed that the rate of taxation is increased, and the water supply to him for fire protection impaired, because there are no definite allegations to support relief on this ground, showing the degree of impairment or damages.

"10. Defendants specially demur to the seventh section of plaintiff's petition setting up special damages to himself, in that the whole section is composed of allegations indefinite in their nature, and showing no exact basis for the calculation of any damage or the amount thereof."

The court, as we have already said, sustained in part and overruled in part the demurrers. The gin company, the court held, was not a necessary party to the suit, and that the contract between the gin company

and the city was sufficiently pleaded, and that the same was unauthoriezd and illegal; but denied the prayer of the plaintiff, because in the opinion of the court the petition disclosed no right in appellant to maintain the suit.    We agree with the court that the contract may be illegal, and yet the plaintiff not entitled to the injunction; and unless the petition in this case, by its averments, clearly shows that the illegal act complained of injuriously affects the plaintiff, the judgment dismissing his suit must be affirmed.

It is not claimed, as we understand the petition, that the execution of the contract will cause any increase of city taxes, nor does the petition aver that the water rent paid by the gin company is insufficient to cover any increased expense likely to be incurred by the city in furnishing the water, from the employment of additional labor in operating the machinery of the waterworks, or by reason of increased wear and tear of the machinery.    But the plaintiff's right to restrain the city from performing the illegal contract is based on the assumption that the sale of the water to the gin company diminishes the protection of plaintiff's property against fire.    If this is made to appear by the allegations of the petition, the suit should not have been dismissed, for undoubtedly the protection of the property of the citizens against fire is one of the principal objects in the construction and maintainance of a system of waterworks by the city.    The petition gives the height and capacity of the water tank; the tank is less than 100 feet in height, and contains when full about 100,000 gallons of water; and it is averred that the pressure of the water when the tank is full is scarcely sufficient to afford protection against fire.    But there is no allegation in the petition that the tank is not kept full, nor that the water pressure is lessened by reason of the consumption daily by the gin company of 5000 gallons of water.    There is no averment, nor is there an intimation even by the plaintiff, that the pumps of the waterworks are not capable of throwing from the Guadalupe River a quantity of water sufficient to keep the tank full at all times, and at the same time to furnish all citizens paying for water an ample supply for their daily consumption and to supply the gin company with the quantity contracted for by the city.    In the absence of such averments as these, or some others of like import, we can not say that the supplying of water to the gin company in any perceptible degree increases the hazard from fire to plaintiff's property; and while we are inclined to concur with the court below, that the contract with the city of Victoria and the gin company is one not authorized by law, and is ultra vires, we think the court held correctly that the plaintiff was not entitled to the writ of injunction.    Courts of equity will not restrain municipal governments in the exercise of their functions, even though the act complained of be ultra vires, unless the complainant shows that the act is an injury to him or his property, and that it is one against which he has no adequate protection at law.    This doctrine is clearly

recognized, we think, in the cases of Altgeld v. San Antonio, 81 Texas, 447; and the City of Austin v. Nalle, 85 Texas.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.