BOYD et al. v. CITY OF SAN ANGELO. *
(No. 7046.)

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1927.)

1. Nuisance ⬅️33—Evidence held insufficient to show sewage disposal plant would constitute nuisance (Rev. St. 1925, art. 1107, subd. 4; art. 1108, subds. 2–4; art. 1175, subd. 29).

In suit by property owners to enjoin erection and maintenance of sewage disposal plant between two tracts of land owned by plaintiffs outside city, evidence held insufficient to make issue for jury as to whether plant would constitute nuisance, where sewage disposal plants were authorized by law under cities' power of eminent domain, by Rev. St. 1925, art. 1175, subd. 29, article 1107, subd. 4, and article 1108, subds. 2–4, and where it was not shown that proposed plant would cause annoyance to plaintiffs or depreciate value of their property.

2. Nuisance ⬅️18—Creation of nuisance by municipal corporation may be enjoined.

Injunction is proper remedy to prevent creation of nuisance by municipal corporation.

3. Nuisance ⬅️3(2)—City's sewage disposal plant, though located near private residence, does not constitute nuisance per se (Rev. St. 1925, art. 1107, subd. 4; art. 1108, subds. 2–4; art. 1175, subd. 29).

Sewage disposal plant, though located near private residence, does not constitute nuisance per se, in view of necessity of sewage disposal, for which Legislature has provided cities with power of eminent domain, under Rev. St. 1925, art. 1175, subd. 29, article 1107, subd. 4, and art. 1108, subds. 2–4.

4. Nuisance ⬅️3(2)—Location and operation of sewage disposal plant determines whether it constitutes nuisance.

Whether sewage disposal plant erected by city constitutes nuisance is determined by its location and manner of operation.

5. Nuisance ⬅️19—Permanent injunction will not necessarily be granted against operation of sewage disposal plant constituting nuisance.

Though sewage disposal plant, because of location and manner of operation, becomes nuisance, permanent injunction may be improper, as permanency of nuisance does not necessarily follow from its existence.

**6. Nuisance ⬦⟳25(2) — Property owners held not entitled to enjoin erection of sewage disposal plant, in absence of showing loss to them outweighed public convenience.**

Property owners, suing city to enjoin erection and operation of sewage disposal plant, *held* not entitled to relief, in absence of showing public convenience was outweighed by discomfort and damage to plaintiffs' property.

**7. Nuisance ⬦⟳23(1)—Property owners have remedy at law for damages from operation of sewage disposal plant.**

Though operation of sewage disposal plant is essential to welfare of community, adjacent property owners may have remedy at law against city for damages caused them by its operation.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by C. E. Boyd and others against the City of San Angelo. Judgment for defendant, and plaintiffs appeal. Affirmed.

A. K. Doss, of Ballinger, and Upton & Upton, of San Angelo, for appellants.

Thomas & Lewis and Collins, Jackson & Sedberry, all of San Angelo, for appellee.

BAUGH, J. Appellants brought this suit to enjoin the city of San Angelo from erecting and maintaining a sewage disposal plant on lands owned by said city about 2½ miles from the city limits. The city owned a 15½-acre tract, on which it had made its location for said plant, situated between two irrigated tracts of land owned by appellants. Appellants lived in San Angelo, but alleged that they purposed to move to a residence on one of the above-mentioned tracts, which residence is about 800 feet north from said proposed plant; that the presence and operation of said plant would constitute a permanent nuisance, and would damage appellants' property; and prayed for relief as follows:

"Plaintiffs pray that, upon trial hereof, it be found as a fact that, by the erection of said sewer system and disposal plant upon said 15 acres of land, it will be a permanent nuisance, and that plaintiffs have judgment abating same, and enjoining the defendants from further erection of any such plant upon said tract of land, and, should it be determined that the expense of removing said disposal plant and requiring a location at another and different place would be greater than the damage to plaintiffs' lands, that then and in that event plaintiffs have judgment for their damages in the sum of the difference between the market value without the disposal plant and the market value with the disposal plant."

[1] We do not deem it necessary to state here the grounds which appellants set up as constituting the proposed plant a nuisance, for the reason that we have reached the conclusion that appellants failed to introduce sufficient evidence, as a matter of law, to support a finding that this particular plant would constitute a nuisance.

[2, 3] Injunction is the proper remedy to prevent the creation of a nuisance by a municipal corporation. City of Marlin v. Holloway (Tex. Civ. App.) 192 S. W. 623, and authorities there cited. Appellants appear to assume that a sewage disposal plant, when located near a private residence, constitutes a nuisance per se. Such, however, is not true. It is now well recognized that a proper disposition of a city's sewage is essential to the health and welfare of its population, and affects the entire community. To that end the Legislature has recognized the necessity for such plants, and has vested cities with power of eminent domain, to condemn lands both inside and outside the city limits for the construction and operation of such plants. See R. S. 1925, art. 1175, subd. 29, article 1107, subd. 4, and article 1108, subds. 2, 3, and 4. In 29 Cyc. 1153, it is stated:

"A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings."

And again, on page 1159, it is said:

"One who uses his property in a lawful and proper manner is not guilty of a nuisance, merely because the particular use which he chooses to make of it may cause inconvenience or annoyance to a neighbor, and nothing which is legal in its erection can be a nuisance per se. * * * *"

[4, 5] It is obvious, therefore, that a sewage disposal plant is not a nuisance per se, but its location and the manner of its operation must determine that matter. And even when it becomes a nuisance it does not necessarily follow that such nuisance is permanent, or that its operation may be permanently enjoined. City of Austin v. Bush (Tex. Civ. App.) 260 S. W. 300.

Referring again to 29 Cyc. pp. 1223–1225, the general rule is there announced that:

"A court of equity will not interfere to prevent or abate as a nuisance everything which may work hurt, inconvenience, or damage; but in order to call for such interference it must appear that the injury resulting from the alleged nuisance is or will be irreparable. So a mere diminution of the value of property by a nuisance, without irreparable mischief, will not furnish sufficient ground for equitable relief by injunction."

And again:

"In order to obtain an injunction against or the abatement of an alleged nuisance, the complaining party must show a clear and strong case supporting his right to relief."

In the instant case appellants showed by two witnesses that the town of Winters, Tex., had previously installed an Emhoff system,

which was the system appellee had contracted to install, and that the Winters plant had open tanks, which emitted obnoxious odors, detected at times half a mile away; that the effluent from these tanks into a dry creek turned green and emitted some odor, which seemed to increase after it stood awhile. Boyd also testified that his house was on ground about 15 feet higher than that on which the San Angelo plant was located, and north of same, and that such plant would depreciate the value of his land $100 per acre. One real estate dealer expressed an opinion that appellants' land would "possibly sell for 15, 20 or 25 per cent. less than it would, if it were not located there." He also testified that he knew nothing about the kind of a plant San Angelo intended to install, and admitted that:

"I don't know what the difference would be. My opinion might be clear off; it is hard to figure."

Nowhere does it appear that the plant to be installed by appellee was in any manner similar to that used by the town of Winters, except that it was an Emhoff system, nor that it was to be either constructed or operated in the same manner. None of the witnesses who testified for appellants knew anything about the construction or operation of sewage disposal plants, other than the one at Winters, and none of them knew anything about the character or operation of the plant appellee was about to install. The testimony of the mayor of San Angelo, on the other hand, showed that this plant was two or more miles from the city, isolated, except as to appellants' property, and was probably as far removed from residences as could be found for any practicable location; that he had visited other cities operating such plants without same becoming nuisances; that the San Angelo-plant was to be installed by expert and experienced engineers under the latest approved methods; that it had the approval of the state health department; that it would be both erected and operated in a manner materially different from the Winters plant.

Under these facts and circumstances, and the rigid rules above referred to, we think appellants have failed to produce any evidence, in legal contemplation, which would entitle them to submit to the jury the issue as to whether this particular plant would constitute a nuisance, or entitle them to the extreme remedy of injunctive relief.

[6] But, aside from this issue, appellants have not shown that said plant could have been located elsewhere with less inconvenience or discomfort to others, and even if it discomforted appellants, or damaged their property, we think the instant case comes clearly within the rule laid down in 29 Cyc. 1231, as follows:

"The court will consider the equities presented in the particular case in which its interference is asked, and the injuries which may result to the public by granting the injunction, as well as the injuries to be sustained by complainant if it be refused. So an injunction will not ordinarily be granted, where the erection complained of has a tendency to promote the public convenience, to an extent outweighing the private inconvenience resulting therefrom, where it is necessary to the welfare of the community generally, or where an injunction would cause serious injury to an individual or the community at large, and a relatively slight benefit to the party seeking such relief; but under such circumstances the person complaining will be left to his remedy at law or merely awarded damages. * * *"

[7] If operation of such plant, which is essential to the welfare of the community, damages appellants' property, they have their remedy at law; but that question must be left to the test of operation. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.