## SHEFFIELD et al. v. TOWN OF DUNCANVILLE et al.

### No. 14376.

Court of Civil Appeals of Texas.
Dallas.

Feb. 9, 1951.

Rehearing Denied March 9, 1951.

J. Lee Zumwalt, Dallas, for appellants.

Matthews & Nash, Dallas, for appellees.

BOND, Chief Justice.

The appellants as plaintiffs in the court below instituted suit against appellee Town of Duncanville, Texas, a municipality of approximately 1,000 inhabitants, for anticipatory damages as would probably accrue to them in the aggregate sum of $80,000 if the town should be permitted to install a sewage disposal plant in the neighborhood of appellants' property; and in consequence sought a temporary injunction to

restrain the Town Councilmen from installing the plant pendente lite at the designated site.

In limine, on hearing for the temporary injunction the trial court denied the writ, from which judgment this appeal is prosecuted. In an auxilliary motion filed here, appellants sought the same temporary relief as in the court below pending the appeal, which motion on hearing we denied and on our own motion advanced the submission of the cause.

Appellants in briefs advance four propositions for reversal, each to the effect that the establishment of the sewage disposal plant as proposed by the appellees is arbitrary because appellants' damages incident to its location "would be so great that the Town could not possibly pay them, and with knowledge of this fact it did not propose to establish the plant at a different location." Obviously the proposition is germane to trial of their suit on final hearing. A temporary restraining order is not available where the effect of it would settle the controversy. As we view appellants' contention, the only issue before this Court is whether or not the trial court abused its discretion in denying the temporary injunction. In a suit of this nature against a municipality, the grounds for a temporary injunction must be such that the action of the Town Council in the location of the sewage disposal plant was arbitrary and capricious; or that the Town authorities contemplated the taking of one's property without due process of law. Such are the final issues to be determined on trial to the merits.

To prevent the construction of a sewage disposal plant at a location selected by the governing body of a municipality, it must be shown that same was done without judgment and without regard to the facts and circumstances of the case. In Stone v. City of Wylie, Tex.Com.App., 34 S.W. 2d 842, 844, the court said: "Under the provisions of article 1109b [Vernon's Ann.Civ. St. art. 1109b], the right of a citizen to question the soundness of the judgment of the governing body of a city as to the existing necessity for locating such a plant at a particular place is foreclosed, and the court is without power to review the same except where it be made to appear that such officials acted arbitrarily or capriciously." Also, in Webb v. Dameron, Tex. Civ.App., 219 S.W.2d 581, 585, it is said: "A landowner may not object merely because some other location might have been suitable for the purpose. Wilton v. St. Johns County, supra [98 Fla. 26, 123 So. 527, 65 A.L.R. 488]. The selection of a site for a sewage disposal plant is a matter addressed to the sound discretion of a city's governing body; and the action of the City Council in such a matter will not be reviewed by the courts of this state unless it can be shown that the council abused its discretion by acting arbitrarily, capriciously, or fraudulently."

The record evidence here does not show that the action of appellee's Council was arbitrary or capricious; in fact the record shows the opposite. The governing body officially purchased the land on which the contemplated plant is to be constructed; employed competent engineers to assist them in the location and gave due consideration to alternate sites offered elsewhere; resulting in the Council's exercise of its governmental discretion in the selection of the site for the plant. It is settled law recognized everywhere that courts may not assume that the governing body of a municipality would act despotically, whimsically, fraudulently, arbitrarily, or capriciously in the exercise of its governmental functions in furtherance of a public enterprise.

The location of the sewage disposal plant here involved is foreclosed as against a temporary injunction by the trial court in the exercise of its judicial discretionary power under rules of equity where the granting of such injunction would be a detriment to the interests, welfare, and health of the public generally;—because, forsooth, its location assumptively might result in damages to a few, and, too, the City might not be able to satisfy a judgment for such damages as might be assessed on trial to the merits of the suit. Courts may not assume that the plaintiffs will recover any damages, or that, if such damages are assessed, the City will be bank

rupt, insolvent, unable to pay such damages. The appellants are relegated to their suit for damages, if any, for the installation and operation of such disposal plant, and not to the remedy of temporary injunction to prevent its installation on anticipation of damages.

The record further shows that the Town of Duncanville is presently a solvent, going municipality. In the case of City of Marshall v. Allen, Tex.Civ.App., 115 S.W. 849, writ refused, the Court holds that the solvency of a municipal corporation is not to be ascertained by the test applied to private individuals,—that it is insolvent because it is unable to pay its debts when due because of restrictions on its taxing power; but that it will be regarded as solvent where it is performing all of its governmental functions and has been able to meet all of its obligations even though its finances are in such a condition that it might not be able to pay damages resulting from the performance of governmental affairs. See, also, Gilliland v. City of Fort Worth, Tex.Civ.App., 162 S.W.2d 1000.

For the reasons given, the judgment of the court below is affirmed.