Clayton CHEEK et al., Appellants,

v.

J. T. BECKWORTH et al., Appellees.

No. 3232.

Court of Civil Appeals of Texas. Eastland.

June 15, 1956.

Rehearing Denied June 29, 1956.

V. K. Wedgworth, Mineral Wells, for appellant.

Lloyd Bouldin, Mineral Wells, for appellee.

LONG, Justice.

The City of Mineral Wells passed a very comprehensive ordinance which relates to the general subject of gathering and disposing of garbage and provides a penalty for the violation of its terms. The city also entered into a contract with J. W. Estes to gather and dispose of the garbage and trash accumulated in the city. This suit was instituted by Clayton Cheek and other tax paying citizens of the City of Mineral Wells seeking a temporary injunction restraining J. T. Beckworth, Mayor of the City of Mineral Wells, and its other officers from enforcing said ordinance and carrying out said contract. The defendants filed a number of exceptions to plaintiffs' petition which were sustained by the court. The plaintiffs refused to amend and a plea in abatement to plaintiffs' suit was sustained and the case dismissed. Plaintiffs have appealed.

Appellants contend the trial court erred in sustaining the plea in abatement. Appellees excepted to appellants' petition (a) for the reason that it conclusively appears from the facts therein alleged that none of the plaintiffs or any of them have vested property rights which have been or will be invaded by the enforcement of the ordinance complained of in plaintiffs' petition or by virtue of the contract; (b) for the reason that plaintiffs' petition conclusively shows as a matter of law that the plaintiffs have no justiciable interest in the ordinance or the contract. We believe these exceptions are good and that the trial court properly sustained them. The petition shows upon its face that appellants have no vested property rights which may be affected by the enforcement of the ordinance or the contract. It fails to show that appellants have any justiciable interest in the subject matter of the suit. The City of Mineral Wells had the power to enact the ordinance regulating the disposal of garbage. It had the right to make the contract with Estes to handle the garbage. City of Breckenridge v. McMullen, Tex.Civ.App.,

258 S.W. 1099; Kemp Hotel Operating Company v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217.

Appellees further excepted to appellants' petition for the reason that it conclusively appears from the facts alleged that the plaintiffs seek to enjoin the enforcement of a penal ordinance and it further appears from the allegations that such ordinance is not void on its face and that it does not invade any vested property rights of plaintiffs. Appellees further excepted for the reason that no facts are alleged in the petition showing (a) that such ordinance is unconstitutional and void; (b) that its enforcement constitutes a direct invasion of any vested property rights of the plaintiffs or any of them. We believe these exceptions are good. There are no allegations in the petition showing the invalidity or unconstitutionality of the ordinance. There are no facts alleged showing the invalidity of the contract. Appellants in their petition did not pray for judgment determining the validity of the ordinance or the contract, but sought only a temporary injunction to prevent the officers of the City of Mineral Wells from enforcing the ordinance and the contract. The temporary injunction sought was not ancillary to any main suit. If the writ had issued, appellants would have thereby obtained all of the relief which they could have properly had on a final hearing.

"A temporary injunction will not issue if the applicant would thereby obtain all the relief which is properly obtainable on the final hearing." 24 Tex.Jur. 123.

Before appellants can enjoin the enforcing of the ordinance they must show it is unconstitutional and void. In other words, they must allege facts showing the ordinance is unconstitutional and void; likewise, they must allege facts showing that the contract is void. City of Ballinger v. Boyd, Tex.Civ.App., 173 S.W.2d 363. This they did not do.

The office of a temporary injunction is to hold the subject matter of the suit in status quo until the final determination of the main suit on its merits.

"Where there is no clear necessity for injunctive relief caution should be exercised in granting a temporary writ, especially if it will interfere with political functions or with the duties of public officers in executing and enforcing law." 24 Tex.Jur. 125.

Furthermore, there is no allegation in appellants' petition that they would suffer injury or damage if the temporary injunction is not granted. Neither is there allegation that they would suffer damage or loss by reason of the enforcement of the ordinance or the carrying out of the contract. The appellees excepted to the petition on these grounds. Such allegations are necessary to make the petition meet the requirements of the law.

"The law appears to be settled in Texas that equity will not enjoin criminal proceedings or attempt to stay the hands of police officers in enforcing criminal law except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights." Malone v. City of Houston, Tex.Civ.App., 278 S.W.2d 204, 205.

Appellees exepted to the petition because it failed to allege that the governing body of the City of Mineral Wells acted with fraudulent intent or purpose in passing the ordinance. We believe this exception is good. The Board of Commissioners of the City of Mineral Wells in passing the ordinance and entering into the contract was discharging a governmental function. City of Fort Worth v. George, Tex.Civ.App., 108 S.W.2d 929 (Writ Ref.). In the absence of an allegation that the governing body of the City of Mineral Wells acted with a fraudulent design and purpose, the reasonableness or unreasonableness of the ordinance and contract cannot be inquired into.

We have carefully studied this record and have determined that appellants' petition failed in many respects to state a cause of action. Appellants did not seek to set aside the ordinance and contract, but merely sought a temporary writ of injunction to restrain the officers of the City of Mineral Wells from enforcing the ordinance and carrying out the contract. We believe the trial court properly sustained the exceptions to appellants' petition and appellants having refused to amend, the trial court was under the duty to dismiss their case. The judgment of the trial court is affirmed.