**Al SCHULMAN et al., Appellants,**

v.

**CITY OF HOUSTON et al., Appellees.**

No. 244.

Court of Civil Appeals of Texas.

Tyler.

July 21, 1966.

Rehearing Denied Sept. 22, 1966.

Joseph D. Jamail, John Gano, Houston, for appellants.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for appellee, city of Houston.

Fulbright, Crooker, Freeman, Bates & Jaworski, Alton F. Curry, DeLange, Hudspeth, Pitman & Katz, M. Marvin Katz, Eugene J. Wilson, Houston, for appellee, United Compost Services, Inc.

DUNAGAN, Chief Justice.

This is an injunction suit. The City Council of the City of Houston, Harris County, Texas, in discharging its lawful duties for the regulation and disposal of garbage for the city, investigated the various means and methods of disposal of garbage to meet the further needs of the city. Pursuant thereto, the duly qualified voters of the city were asked to vote on and voted in favor of a contract for disposal of garbage by composting or other effective methods for a term not to exceed twenty years.

After advertising for public bids, on or about March 24, 1965, the city negotiated and entered into a contract with United Compost Services, Inc., for the construction and operation of a compost plant at 4200 Beechnut Street located in the southwest area of the City of Houston.

Appellants instituted this suit seeking a temporary injunction, and permanent injunction upon final hearing, to prohibit appellees, City of Houston and United Compost Services, Inc., from further contruction of a garbage compost plant under the contract executed between the city and United Compost, and to prohibit the operation of the plant once completed.

After a hearing before the 129th District Court of Harris County, appellants' application for temporary injunction was denied, and appellants duly and timely appealed from said order.

The appellants in their brief make the following contentions: "The Appellee, City of Houston, and the Appellee, United Compost Services, Inc., are unlawfully engaged in the performance of an invalid contract by their construction and intended operation of a garbage compost plant on the site in question situated in the 4200 block of Beechnut Street. The Appellees are unlawfully engaged in the expenditure and intended and threatened expenditure of public funds illegally and pursuant thereto. The Appellee, City of Houston, is unlawfully engaged in donating public properties to, and in aid of the Appellee, United Compost Services, Inc. The Appellee, City of Houston, is unlawfully engaged in lending its credit to and in aid of the Appellee, United Compost Services, Inc. * * * the City of Houston is unlawfully engaged in the illegal diversion of bond funds, and is unlawfully engaged in putting such site to the private use of the Appellee, United Compost Services, Inc., in violation of the dedication and use imposed upon such property. * * * the Appellees threaten a continued and repeated violation of statute in their proposed and intended

dumping of 300 tons of garbage per day within less than 300 yards of a public highway, and the Appellees further threaten the conduct of a public nuisance upon such site. * * *" Appellants further contend that they have no adequate remedy at law and that the court erred and abused its discretion in denying appellants' application for injunction.

Appellants are resident citizens of, and the owners of, taxable real property in the City of Houston. Each appellant is a taxpayer of and to the City of Houston, ad valorem taxes being, and having been, levied and assessed upon their property and collected from each appellant, by the City of Houston. Appellants contend that they are beneficiaries of and have a real interest in the trust funds and the public funds of the City of Houston, and in the breach of each trust and diversion of such funds by the city.

Appellee, United Compost Services, Inc., contends that the trial court properly denied the application for temporary injunction as appellants have no standing to maintain this suit. The City of Houston joins in this contention. We sustain this contention.

The City Council, in the exercise of its discretion, selected the present site of the compost plant in the southwest part of the city on property already owned by the city, adjacent to an existing city police substation where the parking lot was currently being used for parking of the city garbage trucks. The tract is completely surrounded by the police substation, a city sewage disposal plant, the City of Bellaire Truck Maintenance and Repair Barn, Bellaire Sewage Treatment Plant, the Southern Pacific Railroad line, the Humble pipe line and the light and power company strip.

The manner or method of the disposal of garbage and the site for such disposal are in the sound discretion of the governing body of a home-rule city such as the City of Houston; and neighboring land-owners cannot enjoin the construction

or operation of such plant unless it is shown that the city's selection of the site was arbitrary and capricious. Bright v. City of Corpus Christi, 172 S.W.2d 763 (Tex.Civ. App.) 1943, n. w. h.; Stone v. City of Wylie, 34 S.W.2d 842 (Tex.Com.App.) 1931; Sheffield v. Town of Duncanville, 236 S.W.2d 851 (Tex.Civ.App.) 1951, writ ref., n. r. e.; Cheek v. Beckworth, 292 S.W.2d 158 (Tex.Civ.App.) 1956, writ ref., n. r. e.; Kimbrough v. Walling, 371 S.W.2d 691 (Tex.S.Ct.); City of San Antonio v. San Antonio Irrigation Co., 118 Tex. 154, 12 S.W.2d 546 (Tex.Com.App.); and 64 C.J.S. Municipal Corporations § 1803, page 265.

The Bright case cited is similar to the case now before us. In that case, citizens sought to enjoin the city and a Texas Gulf Construction Company from construction of a garbage disposal plant in close proximity to their residences and properties. The Court of Civil Appeals affirmed the trial court's judgment for the defendants on an instructed verdict, holding, 172 S.W.2d, p. 764:

"* * * The selection of a site for a garbage disposal plant was a matter addressed to the sound discretion of the City Council and their action in such matters cannot be disturbed unless it is shown that they have abused their discretion and acted arbitrarily and capriciously. * * * The burden was upon appellants to show that there was no reasonable basis for the selection of the site made by the city. This they failed to do. * * *"

■ The record in this case does not reveal any act of the City Council of the City of Houston which is arbitrary, capricious or unreasonable.

■ Furthermore, the garbage compost plant is a permanent improvement designed to take care of the ever increasing needs of the city for the disposal of garbage, and it is to be maintained for the public purpose of disposing of garbage and for the welfare of the community. It is a lawful business and an operation not subject to abatement by injunction by citizens of the city. Appellants' remedy, if any at all, is at law if the compost plant should in fact be operated as a nuisance to their damage. Stone v. City of Wylie, supra; Atkinson v. City of Dallas, 353 S.W.2d 275 (Tex.Civ. App.) 1961, writ ref., n. r. e., cert. denied, 370 U.S. 939, 82 S.Ct. 1587, 8 L.Ed.2d 808; City of Dallas v. Winans, 262 S.W.2d 256 (Tex.Civ.App.) 1953, n. w. h.; Dudding v. Automatic Gas Co., 145 Tex. 1, 193 S.W.2d 517 (Tex.S.Ct.) 1946; Williams v. City of Dallas, 52 S.W.2d 373 (Tex.Civ.App.) 1932, n. w. h.; Boyd v. City of San Angelo, 290 S.W. 833 (Tex.Civ.App.) 1927, err. ref.; Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615 (Tex.S.Ct.) 1950.

In the Boyd case, supra, the Court of Civil Appeals affirmed the trial court's judgment denying the appellants' application for injunction against the city erecting and maintaining a sewage disposal plant next to appellants' property. The court held, 290 S.W. p. 835:

"If operation of such plant, which is essential to the welfare of the community, damages appellants' property, they have their remedy at law, but that question must be left to the test of operation. * * *"

Appellants attempt to sustain their right to bring this suit by virtue of being taxpayers and because they claim injury to them would necessarily result from the construction and operation of a compost plant. This claim of injury is made even though not any of their witnesses were in a position to testify that they had any knowledge whatever of the particular process to be used by appellee, United Compost.

■ A reading of the evidence shows that appellants have wholly failed to show any special damage to themselves or that they have no adequate remedy at law. It is significant that there has been no attempt made to show that the cost of processing

garbage by composting would exceed the current cost of garbage disposal by other methods. Nor has it been shown that the city and/or United Compost are not able to respond in damages.

The general rule setting forth the circumstances which will enable a taxpayer to institute a suit for injunctive relief is set forth in 40 Tex.Jur.2d, Municipal Corporations, Sec. 427, where it is said, p. 118:

"A taxpayer may bring an action to enjoin the making or the performance of an invalid contract where he is able to show that the execution of the contract will financially affect him, and that he has no adequate remedy at law. He is not authorized to maintain a suit by the mere fact that the contract is illegal. * * *

The above language is clearly supported by the Texas cases, beginning with the Supreme Court decision in Altgelt v. City of San Antonio, 81 Tex. 436, 17 S.W. 75, 13 L.R.A. 383 (Tex.S.Ct.) 1890, wherein a taxpayer sought to set aside a contract between the city and water-works company and to restrain the city from paying out any municipal funds pursuant to said contract, which was alleged to be illegal and unauthorized. The plaintiff contended, among other things, that a monopoly was being permitted; that the city was exempting the company from taxes, and that he incurred damage as a tax-paying citizen. After holding that the contract was illegal, the court added, 17 S.W. p. 76:

" * * * But it does not follow, we think, in this case because the contract is, as alleged by plaintiff, unauthorized and illegal, and creates a monopoly, or attempts so to do, and surrenders for the period of 25 years the legislative power with which the city is invested, that for these reasons alone the plaintiff can in this suit vacate or set aside said contract. In the case mentioned (City of Brenham v. Brenham Water Company, 67 Tex. 542, 545, 4 S.W. 143) the suit was by the water-works company to enforce the contract. This was resisted by the city of Brenham upon the ground that it attempted to create a monopoly, and was a surrender of the legislative power in the city with reference to that subject for 25 years. In the case under consideration the city is not complaining. On the contrary, the contract is recognized by the city, and, as long as it is so recognized by the city through its properly constituted authorities, it cannot be vacated by plaintiff upon these grounds. The plaintiff does not show by his averments that he, as a tax-payer of the city, is authorized to maintain this action by reason of any injury resulting to him from the contract of October, 1877, entered into by the city of San Antonio. It does not appear from the petition that he is prevented from obtaining water upon any better terms, nor does it appear that he is compelled under the terms of that contract to get water from the defendant water-works company, * * *."

In the case of Wood v. City of Victoria, 18 Tex.Civ.App. 573, 46 S.W. 284 (Tex.Civ. App.) 1898, err. ref., a taxpayer sought an injunction restraining the city and others from supplying water to a private corporation pursuant to the terms of an alleged illegal contract. Plaintiff alleged that he was a citizen, that he owned both real and personal property and paid taxes thereon. He argued that the contract to supply water out of the city to a private corporation was an unlawful use and appropriation of the city property. As additional facts to justify his standing to sue, he alleged that prior to the unauthorized act, there was barely enough water pressure, but with the contract there was an increased risk and hazard to his property from fire by virtue of the unauthorized use and resulting lack of pressure. The trial court held that the contract was in fact unauthorized and illegal, but denied plaintiff's prayer because he "disclosed no right * * * to maintain the suit."

The appellate court held:

"* * * We agree with the court that the contract may be illegal, and yet the plaintiff not entitled to the injunction; and unless the petition in this case, by its averments, clearly shows that the illegal action complained of injuriously affects the plaintiff, the judgment dismissing his suit must be affirmed."

The court further said:

"* * *. and while we are inclined to concur with the court below that the contract with the city of Victoria and the gin company is one not authorized by law, and is ultra vires, we think the court held correctly that the plaintiff was not entitled to the writ of injunction. Courts of equity will not restrain municipal governments in the exercise of their functions, even though the act complained of be ultra vires, unless the complainant shows that the act is an injury to him or his property, and that it is one against which he has no adequate protection at law. This doctrine is clearly recognized, we think, in the cases of Altgelt v. City of San Antonio, * * * and City of Austin v. Nalle, 85 Tex. 520, 22 S.W. 668, 960. * * *"

The Altgelt case was again followed in the recent case of Houston Natural Gas Corporation v. Wyatt, 359 S.W.2d 257 (Tex. Civ.App.) 1962, n. w. h.

The appellants have made an effort to allege some special interest and special injury, but have failed to show their absence of legal remedies. A similar, but unsuccessful, effort was made in San Antonio Conservation Soc. v. City of San Antonio, 250 S.W.2d 259 (Tex.Civ.App.) 1952, err. ref.

▪ The appellants also make the contention that the contract is in violation of Article II, Sec. 19 of the City Charter and hence the contract is void, it not being countersigned by the Comptroller. Article II, Sec. 19 of the City Charter states:

"* * * No contract shall be binding upon the city unless it has been signed by the Mayor and countersigned by the Comptroller."

In Dallas Electric Company v. City of Dallas, 33 Tex.Civ.App. 424, 58 S.W. 153 (Tex.Civ.App.) 1900, err. ref., plaintiffs, as citizens and taxpayers of the City of Dallas, sued the city, its officers, and the Dallas Electric Company to enjoin the city from making further payments to the electric company due to an alleged void and extortionate contract for lighting streets and for mandamus to compel the city council to open and consider plaintiffs' bid, alleged to be the lowest bid. Defendants' company had been performing the services for about a year and a half under its "contract" (to run for a period of three years) but actually no contract was ever prepared or approved by the City Attorney, or signed by the Mayor. Among other grounds, plaintiffs allege that the contract was void because it was never signed by the Mayor. It was held that plaintiffs could not maintain the suit. The court, after stating that it would not determine whether the contract required the Mayor's signature held: "* * * But if the contract was illegal, as alleged, the city was the only party which could take advantage of its invalidity. There is no fact alleged to show that appellees suffered such injury by reason of the contract as authorized the enjoining the city from recognizing it and complying with its terms. While there are authorities of high standing that hold a contrary view to the one here expressed, our supreme court in the case of Altgelt v. City of San Antonio, * * * fully supports our position. That decision, so far as we are aware, has not been overruled, nor is it in conflict with any other decision of our supreme court. It is therefore the law of this state. (citing cases)."

▪ As has been stated, this suit is for temporary injunction and on final hearing, a permanent injunction, to prohibit the construction and use of the compost facilities

where the construction has been authorized. The general rule is that an injunction will be denied where the threatened or anticipated act complained of may or may not become a nuisance. Dunaway v. City of Austin, 290 S.W.2d 703 (Tex.Civ.App.) n. w. h.; Corder v. State Water Pollution Control Board of the State of Texas, 391 S.W.2d 83 (Tex.Civ.App.) 1965, writ ref., n. r. e.; Boyd v. City of San Angelo, supra.

It has been held in this state that an injunction will not lie to prevent an alleged threatened act, the commission of which is speculative and the injury from which is purely conjectural, or an anticipated act. Haden Employees' Association v. Lovett, 122 S.W.2d 230 (Tex.Civ.App.) 1938, writ ref.; Thomas v. Bunch, 41 S.W.2d 359 (Tex.Civ.App.) 1931, affirmed 121 Tex. 225, 49 S.W.2d 421; Kostoff v. Harris, 266 S. W.2d 204 (Tex.Civ.App.) 1954, writ ref., n. r. e.; 41 Tex.Jur.2d, "Nuisance" pages 634–636, Sec. 6b.

It has also been held in this state that a mere prospect of future annoyance or injury from a structure or an instrumentality which is not a nuisance per se is not ground for injunction.

It has been held that the location of a sewage disposal plant located near a private residence does not constitute a nuisance per se. Boyd v. City of San Angelo, supra; see Storey v. Central Hide & Rendering Co., supra; State of Tennessee ex rel. Cunningham v. Feezell, Tenn., 400 S.W.2d 716; Atkinson v. City of Dallas, supra; O'Daniel v. Libal, 196 S.W.2d 211 (Tex.Civ.App.) n. w. h.; Dunaway v. City of Austin, supra; Jones v. Highland Memorial Park, 242 S.W.2d 250 (Tex.Civ. App.) n. w. h.

Therefore, the compost complained of in the instant case being a disposal plant for garbage would likewise not constitute a nuisance per se.

Where a municipal corporation is intrusted with the execution of a power, and is not confined to a particular mode, but has a discretion in the choice of means, a plain case of the abuse of discretion resulting in direct injury to the petitioner must be clearly shown in order to warrant the issuance of an injunction against the corporation. Lamm v. Chambers, 18 S.W. 2d 212 (Tex.Civ.App.) 1929, n. w. h.

For the reasons above stated, we do not think the trial court abused its discretion in denying appellants' application for temporary injunction.

Judgment affirmed.