

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 30, 2007

The Honorable Dennis Bonnen
Chair, Committee on Environmental Regulation
Texas House of Representatives
Austin, Texas 78768-2910

Opinion No. GA-0506

Re: Whether a city may operate a commercial compost/mulch business that sells its products outside the city's limits (RQ-0508-GA)

Dear Representative Bonnen:

You ask whether a city may operate a commercial compost/mulch business and sell its products outside the city's limits.[1] You state that certain cities produce, market, and sell compost/mulch products in direct competition with private businesses that produce and sell similar products. *See* Request Letter, *supra* note 1, at 1. You do not object to the cities producing compost/mulch and providing such products "to homeowners in their communities free of any charge, or using compost/mulch in their city parks and common areas." *Id.* at 2. In your view here, "[t]he cities, however, should not be permitted to compete with private enterprises in the State of Texas nor in any way supply landscape contractors or sell bagged products to nurseries." *Id.*

As we understand it, in connection with the management and processing of municipal solid waste and wastewater, Texas cities such as Plano, Denton, Brenham, and Texarkana engage in "composting"[2] of the solid waste and sludge[3] and sell the resulting products such as compost, soil, and mulch to the public inside and outside their respective city limits.[4] Prior to these composting

---

[1]*See* Letter from Honorable Dennis Bonnen, Chair, Committee on Environmental Regulation, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 2 (July 12, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]"Composting" is "the controlled biological decomposition of organic solid waste under aerobic conditions." TEX. HEALTH & SAFETY CODE ANN. § 361.003(6) (Vernon 2001); *see also id.* § 361.421(2) (similarly defining composting). "'Compost' is the disinfected and stabilized product of the decomposition process that is used or sold for use as a soil amendment, artificial top soil, growing medium amendment, or other similar uses." *Id.* § 361.421(1).

[3]"'Sludge' means solid, semisolid, or liquid waste generated from a municipal, commercial, or industrial wastewater treatment plant, water supply treatment plant, or air pollution control facility, excluding the treated effluent from a wastewater treatment plant." *Id.* § 361.003(33).

[4]*See* Letter from A. Vance Kemler, Director, Solid Waste Services, City of Denton, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (Aug. 31, 2006) [hereinafter Denton Brief]; *see also*

(continued...)

programs, the cities buried the solid waste and sludge in landfills. *See* Denton Brief, *supra* note 4, at 2; Austin Brief, *supra* note 4, at 1. The revenues generated from these sales are used to fund the cost of the composting programs. *See* Denton Brief, *supra* note 4, at 7; Plano Brief, *supra* note 4, at 2; Brenham Brief, *supra* note 4, at 2. Based on your question and letter, we do not understand you to question the cities' authority to engage in composting or to distribute compost products to the city residents. *See* Request Letter, *supra* note 1, at 1–2. Rather you question only the cities' authority to sell the compost products outside their city limits. *See id.* at 2.

The cities you ask about are home-rule cities that derive their powers from article XI, section 5 of the Texas Constitution.[5] *See* TEX. CONST. art. XI, § 5; *Quick v. City of Austin,* 7 S.W.3d 109, 122 (Tex. 1999); *Lower Colo. Riv. Auth. v. City of San Marcos,* 523 S.W.2d 641, 643 (Tex. 1975). A home-rule city has "all the powers of the state not inconsistent with the Constitution, the general laws, or the city's charter." *Proctor v. Andrews,* 972 S.W.2d 729, 733 (Tex. 1998) (citing TEX. CONST. art. XI, § 5). "[I]t is necessary to look to the acts of the legislature not for grants of power to such cities but only for limitations on their powers." *Lower Colo. Riv. Auth.,* 523 S.W.2d at 643. The Legislature may circumscribe a home-rule city's broad power, but only if it does so with "unmistakable clarity." *Id.* at 645. Accordingly, to answer your specific question, we first consider whether the sale of compost products comports with state law and next consider whether the Legislature has, with unmistakable clarity, limited a home-rule city's authority to sell compost products outside the city limits. We assume, for purposes of this analysis, that the sale is consistent with the cities' respective charters. *See, e.g.,* Tex. Att'y. Gen. Op. Nos. JC-0142 (1999) at 4 (assuming for the purposes of such an analysis, that the city ordinance at issue was authorized by the city charter); JM-846 (1988) at 1 ("As a matter of policy, this office does not interpret city charter provisions. . . .").

You do not reference and we have not found a state or federal constitutional provision that on its face is contravened by a city's sale of compost products outside the city limits or by a city acting as a "market participant." *See* Request Letter, *supra* note 1, at 2. The Commerce Clause to the United States Constitution, article I, section 8, clause 3, does not restrain a city from acting as a market participant. *See, e.g., White v. Mass. Council of Constr. Employers,* 460 U.S. 204, 208 (1983) ("[W]hen a state or local government enters the market as a participant it is not subject to the

---

[4](...continued)
Letter from Thomas H. Muehlenbeck, City Manager, City of Plano, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Aug. 4, 2006) [hereinafter Plano Brief]; Letter from David Allan Smith, City Attorney, City of Austin, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Aug. 31, 2006) [hereinafter Austin Brief]; Letter from Cary L. Bovey, City Attorney, City of Brenham, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (Aug. 31, 2006) [hereinafter Brenham Brief]; Letter from Wiley Stem, III, Assistant City Manager, City of Waco, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1–2 (Sept. 5, 2006) [hereinafter Waco Brief]; Letter from Adam S. Block, Texas Municipal League, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Aug. 25, 2006) (all briefs on file with the Opinion Committee).

[5]*See* http://www.municode.com/resources/online%20Library.asp (city charters for Plano, Denton and Texarkana); http://www.ci.brenham.tx.us/CH000-_-PART_I_SPECIAL__CHARTER.pdf (Brenham) (websites last visited Jan. 12, 2007).

restraints of the Commerce Clause."); *Reeves, Inc. v. Stake*, 447 U.S. 429, 437 (1980) ("[T]he Commerce Clause responds principally to state taxes and regulatory measures impeding free private trade in the national marketplace. There is no indication of a constitutional plan to limit the ability of the States themselves to operate freely in the free market.") (citations omitted); U.S. CONST. art. I, § 8, cl. 3.

Nor have we found any state statutes contravened, as a matter of law, by a city's sale of compost products outside its city limits. Maximizing the sale of compost, in fact, would appear to be consistent with state laws generally encouraging reduction "to the maximum extent that is technologically and economically feasible" of municipal solid waste through "reuse or recycling" and of municipal sludge through "marketing and distribution of sludge and sludge products." TEX. HEALTH & SAFETY CODE ANN. § 361.022(a), (b)(2), (c)(3) (Vernon 2001) (Public Policy Concerning Municipal Solid Waste and Sludge); *see also id.* § 363.002 (stating that it is the state's policy to encourage reduction in solid waste and the proper management of solid waste, including its disposal and processing to extract usable materials); 30 TEX. ADMIN. CODE § 332.2(16) (2006) (Tex. Comm'n on Environmental Quality, Composting) ("Distribute--To sell, offer for sale, expose for sale . . . ."). And such activity would appear to be consistent with state law specifically encouraging composting and reuse of composting products. *See* TEX. HEALTH & SAFETY CODE ANN. § 361.428(a)–(b) (Vernon Supp. 2006); *see also Schulman v. City of Houston*, 406 S.W.2d 219, 222 (Tex. Civ. App.—Tyler 1966, writ ref'd n.r.e.) (stating that a home-rule city's garbage compost plant is "for the public purpose of disposing of garbage and for the welfare of the community" and is "a lawful business and an operation not subject to abatement"). Texas Health and Safety Code section 361.428 directs the Texas Commission on Environmental Quality (the "Commission") to provide incentives for composting programs capable of reducing municipal solid waste streams that would be disposed in landfills and to adopt rules for permitting compost facilities. *See* TEX. HEALTH & SAFETY CODE ANN. § 361.428(a)–(b) (Vernon Supp. 2006). Pursuant to this authority, the Commission has adopted rules governing the operation of composting facilities, including facilities operated by cities. *See* 30 TEX. ADMIN. CODE § 332.3 (2006) (applicability); *id.* § 332.2(38) (defining operator of facility), (42) (defining permit), (43) (defining person).[6] Neither the state law provisions nor the Commission rules limit the sale or distribution of compost products to particular geographical areas.

Finally, you do not reference and we have not found any statutory provisions whereby the Legislature has with unmistakable clarity limited a home-rule city's authority to sell compost products. A letter submitted to this office suggests that chapter 756, subchapter G, Health and Safety Code limits a city's authority to sell compost products outside its city limits.[7] Section 756.101 authorizes a city to "provide landscaping services, including tree-trimming, tree disposal, . . . and

---

[6]*See also* Waco Brief, *supra* note 4, at 1 ("[Waco] is in the process of obtaining the necessary authorization from the [Commission] . . . to produce compost . . . ."); Letter from Thomas H. Muehlenbeck, City Manager, City of Plano, to Ms. Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (Sept. 5, 2006) (on file with the Opinion Committee) ("All compost facilities must comply with state regulations. The City of Plano is listed with [the Commission] as a Notifications Operation.").

[7]*See* Letter from Honorable Vicki Truitt, Texas House of Representatives, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (July 25, 2006) (on file with the Opinion Committee).

recycling services" to persons inside and outside the corporate limits of the city "only if the governing body of the municipality makes written findings as required by Section 756.102." TEX. HEALTH & SAFETY CODE ANN. § 756.101 (Vernon Supp. 2006). Section 756.102 requires the city to (1) identify the problem raising the need for providing the landscaping services; (2) identify the public health, safety, or welfare concern; (3) describe previous actions taken to address the problem; and (4) specify a definite time period necessary to address the problem. *Id.* § 756.102. Subchapter G, by its terms, addresses landscaping services rather than composting of municipal waste and the sale of compost products. *See id.* §§ 756.101–.102; *see also* SENATE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 585, 78th Leg., R.S. (2003) (enrolled version) ("This bill also authorizes certain landscaping services under certain conditions."). It does not evidence with unmistakable clarity the Legislature's intent to prohibit or limit a home-rule city's authority to sell compost products outside the city limits.

Your letter suggests that because the production and sale of compost products may be a proprietary rather than a governmental function, the cities may not sell the products to persons outside the city limits. *See* Request Letter, *supra* note 1, at 1–2. The proprietary-governmental distinction has generally been used to determine a city's immunity from suit for tortious conduct. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006); *see also* TEX. CONST. art. XI, § 13 (authorizing the Legislature to define and reclassify for all purposes municipal functions that are to be considered governmental and those that are proprietary); TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (Vernon 2005 & Supp. 2006) (Texas Tort Claims Act). The distinction may also be relevant to a city's contractual liability. *See* Tex. Att'y Gen. Op. No. JC-0154 (1999) at 2–3 (discussing estoppel against a city acting in its proprietary capacity as distinguished from its governmental capacity). In addition, it may be relevant under federal law with respect to the application of economic regulation under the Commerce Clause. *See Jefferson County Pharm. Ass'n, Inc. v. Abbott Labs.*, 460 U.S. 150, 154 n.6 (1983) ("It is too late in the day to suggest that Congress cannot regulate States under its Commerce Clause powers when they are engaged in proprietary activities."). But whether the compost activity is a proprietary or governmental function would appear to be irrelevant to a city's authority to sell compost products outside the city limits and is not a distinction that makes a difference here.

Lastly, your letter generally suggests that cities are not permitted to compete with private enterprises. *See* Request Letter, *supra* note 1, at 1–2. But you do not cite and we have not found any authority that as a matter of law prohibits cities from competing with private enterprises.

Because a home-rule city's sale of compost products to persons outside the city limits does not generally appear to contravene constitutional or statutory law, and because the Legislature has not with unmistakable clarity forbidden a home-rule city to sell compost products outside its city limits, we conclude that a home-rule city may sell compost products outside its city limits.

## S U M M A R Y

Because a home-rule city's sale of compost products to persons outside the city limits does not generally appear to contravene constitutional or statutory law, and because the Legislature has not with unmistakable clarity forbidden a home-rule city to sell compost products outside its city limits, a home-rule city may sell compost products outside its city limits.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee