# CHARLESTON.

STATE ex rel. J. L. HOWELL et als., v. C. H. MEADOR, MAYOR, etc., et als.

(No. 6874)

Submitted September 9, 1930.   Decided September 16, 1930.

*John Q. Hutchinson* and *Grover C. Trail,* for relators.
*Carl C. Sanders,* for respondents.

LITZ, JUDGE:

The alternative writ commands the respondents, C. H. Meador, as mayor of the City of Beckley, and R. M. French, J. O. Freeman, C. A. Byus, E. S. Pugh and Robert Wriston, as members of the common council thereof, to grant to the relators, J. L. Howell, J. A. Oakes and H. C. Smith, as trustees of the Church of God of said city, a building permit for the construction of a church building on a certain lot of land abutting on Oakwood Avenue in said city, according to plans and specifications furnished respondents by relators August 12, 1930, or show cause, if any they can, why they should not do so; the said common council on that date having refused such permit by entry of an order, as follows: "Attorney J. Q. Hutchinson, representing the Church of God of Beckley, West Virginia, applied for a permit to build a church on Oakwood Avenue,

and filed with the Council a ground plan of the location and size of the building, and on motion duly carried the building permit was refused because the Council is of the opinion that to grant the permit would be in violation of Section 167 of the Zoning Ordinance of said City.'' Section 167, referred to in the order, provides: ''All property fronting on Oakwood Avenue between where Third Avenue and Central Avenue intersect with the same on the north and Carter Street on the south is hereby designated as residential property.

No public garage, filling station, store or other industry of any kind or character shall be built, constructed, operated or located upon any of the property hereinbefore designated as residential property.''

The respondents, in their return, not only rely upon the zoning ordinance in question, as ground for refusing to grant the permit, but also aver, substantially, that Oakwood Avenue is one of the principal arteries of travel through the city and that the maintenance of a church at the proposed site would tend to congest vehicular traffic thereover. In determining whether or not the refusal of the permit is justified under the zoning ordinance, its prohibitive provisions must be looked to for the meaning of the words, ''residential property'', and the language, ''public garage, filling station, store or other industry''. Certainly a church or church building is not a ''public garage, filling station, store or other industry''. Whether a city has constitutional authority, under legislative permission, to exclude churches from residential sections, we are clearly of opinion that the zoning ordinance, under consideration, does not do so; its only purpose is to set apart residential, as contradistinguished from business, property.

Would the maintenance of a church at the place designated materially interfere with traffic over the street? The width of the street at this point is more than 35 feet, exclusive of sidewalk on either side, which is considerably greater than the width at some other places along the thoroughfare. There are also on this same street a large hospital, church and several places of business. Moreover, a cross-street connecting with Oakwood Avenue at the church site may be used for the park-

370

ing of cars by the congregation consisting of only twenty-five or thirty members. From these facts, we conclude that the second point of defense is also without basis.

The peremptory writ, will, therefore, issue.

*Writ awarded.*