220 N.J. Super. 381 (1987)
532 A.2d 276
JEHOVAH'S WITNESSES ASSEMBLY HALL OF SOUTHERN NEW JERSEY, PLAINTIFF,
v.
WOOLWICH TOWNSHIP, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Gloucester County.
Decided April 20, 1987.
*382 Frank E. Catalina for plaintiff (Krieger, Ferrara, Flynn & Catalina, attorneys).
Patrick F. McAndrew for defendants (Brandt, Haughey, Penberthy, Lewis & Hyland, attorneys).
EDWARD S. MILLER, J.S.C.
This case comes before the court on plaintiff's complaint in lieu of prerogative writs. Plaintiff claims that defendant's actions were arbitrary, capricious, discriminatory and unlawful, defendant has violated the Equal Protection and Due Process Clauses of the Federal and State Constitutions, the change in zoning is an unlawful prohibition of free exercise of religion and an unlawful denial of the freedom of assembly.
The facts of the case are as follows. Plaintiff executed a contract to purchase certain real estate in Woolwich Township, with the intention of building an assembly hall to be used for conducting religious meetings, worship, prayer and dissemination of religious information. The assembly hall would be used by approximately 1000 to 1500 persons. The members would arrive on Saturday and Sunday mornings at 8:00 a.m. and leave around 5:00 p.m. The building would house a caretaker and because of the lack of municipal services to the area have its own well and sewage treatment plant. The assembly hall would draw Jehovah's Witnesses for South Jersey, Wilmington, Delaware, and some part of Philadelphia and its suburbs.
Defendant Woolwich Township is a rural community with a population of about 1200. The area in which plaintiff intended to build the assembly hall was located partitionally in an R-2 residential zone and an M-manufacturing zone. Churches or houses of worship were permitted in both zones; however, M-zones permitted private clubs, lodges or social buildings, as special exceptions or conditional uses in R-2 zones.
The chronology of events that lead to this action are as follows:

*383 February 25, 1986. Plaintiff submitted an application for site plan approval.

March 6, 1986. At the regular meeting of the planning board, plaintiff advanced its application for site plan approval. However, Roy Benjamin, township engineer, indicated there were several items in the application that needed clarification before the application could be approved. Consequently, plaintiff's application was carried to the next month's regular meeting.

March 24, 1986. At a special meeting of the township committee, the amended zoning ordinance was read for the first time.

March 27, 1986. Defendant published a public notice in the Gloucester County Times of the proposed changes of the zoning map and a notice that the zoning changes passed on first reading on March 24, 1986 and would be considered for final passage on April 7, 1986.

April 3, 1986. Plaintiff appeared before the planning board to continue its application for site plant approval. The board chairman indicated that the township engineer had not had sufficient time to review the updated plans since he had received them that morning. Therefore, the board voted to delay action on plaintiff's application until April 9, 1986.

April 7, 1986. Defendant passed the amended ordinance which re-zoned some 2000 acres in the township. Particularly, it changed the previous M-zone where plaintiff was going to locate to an R- (residential) zone. The re-zoning then prohibited the building of churches or places of worship from a residential zone. Building such a facility was zoned to other areas in the township.

April 8, 1986. Defendant published a public notice in the Gloucester County Times that the ordinance re-zoning areas of the township passed the second and final reading on April 7, 1986.

April 9, 1986. Plaintiff appeared before the planning board. The chairman informed plaintiff that the zoning had been amended and that plaintiff's proposed use was no longer permitted in a residential zone. Therefore, it could not act on plaintiff's site plan application because it no longer had such jurisdiction.
The issue that is presented in this case is whether a municipality can constitutionally exclude a church or house of worship from a residential district.
In other jurisdictions that have ruled on the same issue, the general rule is that such an exclusion is improper and illegal. McQuillin, Municipal Corporations (3 ed.) § 25.131f. These cases have held that exclusions of churches from residential districts are invalid, either as a violation of the Due Process and Equal Protection Clauses of the Federal and State Constitutions or as being an unreasonable and arbitrary enforcement of an ordinance, in the absence of a showing that the denial of the permit is based on some substantial relation to the promotion of *384 public health, safety and general welfare. Alabama  Pentecostal Holiness Church v. Dunn, 248 Ala. 314, 27 So.2d 561 (Sup.Ct. 1946). Arizona  Ellsworth v. Gercke, 62 Ariz. 198, 156 P.2d 242 (Sup.Ct. 1945). Illinois  O'Brien v. Chicago, 347 Ill. App. 45, 105 N.E.2d 917 (App.Ct. 1952). Indiana  Board of Zoning Appeals v. Decatur Company of Jehovah's Witnesses, 233 Ind. 83, 117 N.E.2d 115 (Sup.Ct. 1954). Massachusetts  See Atty. Gen. v. Inhabitants of Dover, 327 Mass. 601, 100 N.E.2d 1 (Sup.Ct. 1951) (dictum in case involving application of a statute prohibiting limitation upon use of land for religious or denominational educational purpose). Michigan  Portage Township v. Full Salvation Union, 318 Mich. 693, 29 N.W.2d 297 (Sup.Ct. 1947), app. dism. for want of a substantial fed. ques., 333 U.S. 851, 68 S.Ct. 735, 92 L.Ed. 1133 (1948), reh'g den., 334 U.S. 830, 68 S.Ct. 1336, 92 L.Ed. 1757 (1948). Missouri  Congregation Temple Israel v. Creve Coeur, 320 S.W.2d 451 (Mo.Sup.Ct. 1959). Nebraska  State ex rel. Westminster Presbyterian Church v. Edgecomb, 108 Neb. 859, 189 N.W. 617 (Sup.Ct. 1922). Nevada  State ex rel. Roman Catholic Bishop v. Hill, 59 Nev. 231, 90 P.2d 217 (Sup.Ct. 1939). New Jersey  Yanow v. Seven Oaks Park, Inc., 11 N.J. 341 (Sup.Ct. 1953) (dictum). New York  Community Synagogue v. Bates, 1 N.Y.2d 445, 154 N.Y.S.2d 15, 136 N.E.2d 488 (Sup.Ct. 1956). Ohio  State ex rel. Synod of Ohio v. Joseph, 139 Ohio St. 229, 22 Ohio Op. 241, 39 N.E.2d 515 (Sup.Ct. 1942). Oregon  Milwaukie Company of Jehovah's Witnesses v. Mullen, 214 Or. 281, 330 P.2d 5 (Sup.Ct. 1958), app. dism. and cert. den., 359 U.S. 436, 79 S.Ct. 940, 3 L.Ed.2d 932 (1959). Pennsylvania  Stark's Appeal, 72 Pa. D & C 168 (Com.Pl. 1950). Texas  Sherman v. Simms, 143 Tex. 115, 183 S.W.2d 415 (Sup.Ct. 1944), aff'g 181 S.W.2d 100 (Tex.Civ.App. 1944). Washington  State ex rel. Wenatchee Congregation of Jehovah's Witnesses v. Wenatchee, 50 Wash.2d 378, 312 P.2d 195 (Sup.Ct. 1957). West Virginia  State ex rel. Howell v. Meador, 109 W. Va. 368, 154 S.E. 876 (Sup.Ct. 1930). Colorado  Englewood v. Apostolic Christian Church, 146 Colo. 374, 362 P.2d 172 (Sup.Ct. 1961) *385 (where churches were permitted only on special use permit). Georgia  Rogers v. Atlanta, 110 Ga. App. 114, 137 S.E.2d 668 (App.Ct. 1964) (citing annotation). Indiana  Church of Christ v. Metropolitan Board of Zoning Appeals etc., 175 Ind. App. 346, 371 N.E.2d 1331 (App.Ct. 1978). New York  Westchester Reform Temple v. Brown, 22 N.Y.2d 488, 293 N.Y.S.2d 297, 239 N.E.2d 891 (Sup.Ct. 1968). 82 Am.Jur.2d, Zoning and Planning, § 154; 74 A.L.R.2d 377 (1957); 6 Yokley, Zoning Law and Practice (4 ed. 1980), § 35-14.
Although this particular fact situation has not been decided by a New Jersey court, several cases have discussed the constitutionality of religious activities being excluded from residential districts.
In Yanow v. Seven Oaks Park, Inc., 11 N.J. 341 (1953), the Supreme Court of New Jersey held that a municipality could include public and parochial schools in a residential district, while excluding other types of schools from those districts. The Court, in discussing whether schools are permissible in residential districts, stated:
The conclusions irresistably to be drawn from the pertinent authorities are: (a) "public schools" (i.e., schools for the education of community children) and parochial schools (i.e., private schools for religious instruction and the education of community children in accordance with the statutory requirements of compulsory education) are permissible uses in a strictly residential zone, as are houses of worship and "Sunday" schools (these uses being principally for the general and moral welfare of the surrounding community), and constitute a distinct class capable of recognition by a municipal zoning authority for exception from limitation to residential uses on the ground that the welfare of the residential community demands their inclusion in that area. [at 359]
In addressing the issue of whether an individual could constitutionally be denied the right to hold religious services in his home because a municipal zoning ordinance excluded churches and similar places of worship from residential districts, the Supreme Court, in State v. Cameron, 100 N.J. 586 (1985), held the ordinance unconstitutionally vague, and thus not applicable to a minister holding services in his home. Although the Court *386 did not rule on the constitutionality of excluding churches from residential districts, Justice Clifford stated in his concurrence:
... [O]ne must recognize that the power to affect, through zoning, religious activity in a residential area surely has its limits. Like any other aspect of the police power, the zoning authority must be exercised for the general welfare of the community, see Southern Burlington County N.A.A.C.P. v. Mt. Laurel Township, 92 N.J. 158, 208 (1983) (Mt. Laurel II), and "must be exercised within constitutional limits." Moore v. City of E. Cleveland, 431 U.S. 494, 514, 97 S.Ct. 1932, 1943, 52 L.Ed.2d 531, 546 (1977) (Stevens, J., concurring in judgment). Moreover, courts have held that religious activity itself is in furtherance of public morals and the general welfare, see Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N.Y.2d 508, 154 N.Y.S.2d 849, 136 N.E.2d 827 (1956), and that religious institutions enjoy a highly-favored and protected status, which severely curtails the permissible extent of governmental regulation in this area. Westchester Reform Temple v. Brown, 22 N.Y.2d 488, 293 N.Y.S.2d 297, 239 N.E.2d 891 (1968). In enforcing the Franklin Township ordinance so as to forbid defendant's conduct, the State has therefore exceeded the limits of its authority.
[Z]oning regulations, like all police power legislation, must be reasonably exercised  the regulation must not be unreasonable, arbitrary or capricious, the means selected must have a real and substantial relation to the object sought to be obtained, and the regulation or proscription must be reasonably calculated to meet the evil and not exceed the public need * * *.
[Kirsch Holding Co. v. Borough of Manasquan, 59 N.J. 241, 251 (1971).]
The free-exercise clauses of the United States and New Jersey Constitutions extend to all lawful conduct founded in religious belief. See Wisconsin v. Yoder, 406 U.S. 205, 220, 92 S.Ct. 1526, 1535, 32 L.Ed.2d 15, 27-28 (1972); Thomas v. Review Bd. of the Ind. Employment Sec. Div. 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981); Sherbert v. Verner, 374 U.S. 398, 402-03, 83 S.Ct. 1790, 1792-093, 10 L.Ed.2d 965, 969-70 (1963). Deprivation of the protections afforded thereby requires the State to demonstrate some "overriding governmental interest," United States v. Lee, 455 U.S. 252, 257, 102 S.Ct. 1051, 1055, 71 L.Ed.2d 127, 132 (1982), that justifies the "substantial infringement of appellant's First Amendment right" and to show that "no alternative forms of regulation would combat such abuses without infringing First Amendment rights." Sherbert, supra, 374 U.S. at 406-07, 83 S.Ct. at 1795, 10 L.Ed.2d at 972; see also New Jersey Bd. of Higher Educ. v. Shelton College, 90 N.J. 470, 483 (1982) (state regulation of higher education must choose least restrictive means that will accommodate free exercise of religion). [at 606-607 (Clifford, J., concurring in result)]
The issue that was unresolved in State v. Cameron, supra, was addressed by Judge Selikoff in Farhi v. Deal Bor. Comm'rs., 204 N.J. Super. 575 (Law Div. 1985). The facts were *387 identical to Cameron, supra, in that an individual was holding religious services in his home, in a residential district that excluded churches and places of worship. Judge Selikoff held that the ordinance violated plaintiff's free exercise of religion as guaranteed by the New Jersey Constitution. The borough failed to select the least restrictive means and failed to demonstrate any overriding governmental interest.
In applying the rationale of State v. Cameron, supra, and the other cited cases, this court finds that the total exclusion of churches and places of worship from residential districts violates the guarantee of freedom of religion as provided for by the New Jersey Constitution. Municipalities have the power to zone their districts, but to exclude churches and other places of worship from the very areas (residential communities) that they draw their members from and relocate them to a less desirable zone of the township because of the proposed size of the church facility offends the very essence of Art. I, par. 3 of the New Jersey Constitution. N.J.Const. (1947), Art. I, par. 1. The township in this case, according to N.J.S.A. 40:49-2, adopted the amended zoning ordinance procedurally correctly, however, the new zoning fails constitutionally. Defendant did not exclude or discriminate against this particular plaintiff specifically, but reacted because of plaintiff's proposed size. Yet, defendant, in its haste to prevent plaintiff's proposed use, also excluded every type of church or place of worship regardless of its size, congregation or benefit to the community in which it may be located.
This court remands this matter to defendant for consideration of plaintiff's site plan approval. The municipality can impose reasonable restrictions on plaintiff's plan, yet it cannot totally exclude plaintiff's use.
Counsel for plaintiff will submit an order in accordance with this opinion.